**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JIA SHENG,

                              Plaintiff,

                v.

M&T BANK CORPORATION, and
MANUFACTURERS & TRADERS TRUST
COMPANY, d/b/a M&T BANK,

                              Defendants.

No. 12 Civ. 01103 (HBS)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AT TRIAL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................i

PRELIMINARY STATEMENT ............................................................................................1

INTRODUCTION .................................................................................................................1

   I.  BACKGROUND...........................................................................................................1

      a. Offers of Reinstatement ......................................................................................1

      b. EEOC Proceedings and Findings........................................................................2

   II.  REQUESTED EVIDENTIARY RULINGS ................................................................2

ARGUMENT.........................................................................................................................3

   I.  Defendants' Offers to Reinstate Plaintiff Following the Commencement of This Dispute Must be Precluded as Any Evidence of Such Offers is Irrelevant and Prohibited as a Compromise Offer Under FRE 408, and the Admission of Such Evidence Would Only Serve to Prejudice Plaintiff in the Eyes of the Jury............................................................3

   II.  The Court Should Preclude the Investigations and Findings of the EEOC Because Both Parties Will Have an Opportunity to Present to the Jury Any Admissible Evidence That They Submitted to the EEOC and the Admission of the EEOC Findings Will Likely Mislead the Jury and Result in Confusion of the Issues and Undue Waste of Time. .........6

CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

***Cases***                                                      ***Page(s)***

*Cook v. Hatch Associates*
No. 02 Civ. 065A, 2007 WL 1267023 (W.D.N.Y. Apr. 30, 2007) ................................................. 7

*Dollman v. Mast Industries, Inc.*
No. 08 Civ. 10184 (WHP), 2011 WL 3911035 (S.D.N.Y. Sept. 6, 2011) ................................ 7, 8

*Eastmer v. Williamsville Cent. School Dist.*
977 F. Supp. 207 (W.D.N.Y. 1997) ..................................................................................... 4

*Lightfoot v. Union Carbide Corp.*
110 F.3d 898 (2d Cir. 1997) ............................................................................................... 4

*Lovejoy-Wilson v. Noco Motor Fuels, Inc.*
242 F. Supp. 2d 236 (W.D.N.Y. 2003) ............................................................................... 6

*Paolitto v. John Brown E.& C., Inc.*
151 F.3d 60 (2d Cir. 1998) ......................................................................................... 6, 7, 8

*Pierce v. F.R. Tripler & Co.*
955 F.2d 820 (2d Cir. 1992) ............................................................................................ 3, 5

*Sulton v. Lahood*
No. 08 Civ. 2435 (PKC), 2009 WL 3815764 (S.D.N.Y. Nov. 6, 2009) ........................................ 7

***Other Sources***

Fed. R. Evid. 401 ................................................................................................................. 3

Fed. R. Evid. 402 ................................................................................................................. 7

Fed. R. Evid. 403 .......................................................................................................... 3, 5, 6

Fed. R. Evid. 408 .......................................................................................................... 3, 4, 5

W.D.N.Y., Alternative Dispute Resolution Plan (2011) ................................................................ 4

## PRELIMINARY STATEMENT

Plaintiff Jia Sheng ("Plaintiff" or "Ms. Sheng") respectfully submits this memorandum of law in support of her motion *in limine* to preclude certain evidence that she anticipates will be offered at the trial of this action.

## INTRODUCTION

### I.   BACKGROUND

#### a.   Offers of Reinstatement

Plaintiff filed the instant action on November 8, 2012 against Defendants M&T Bank Corporation and Manufacturers and Traders Trust Company d/b/a M&T Bank (collectively "Defendants" or "M&T") alleging violations of her rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, the California Family Rights Act, Cal. Gov. Code § 12945.2, the California Pregnancy Disability Leave Law, Cal. Gov. Code § 12945(a), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 *et seq.*, stemming from M&T's unlawful treatment of Ms. Sheng's pregnancy and her repeated requests for reasonable accommodation.[1]

In response to a demand letter sent by Ms. Sheng's attorneys, M&T's legal counsel made a verbal offer on October 12, 2012 to reinstate Ms. Sheng's employment and alternative work arrangement for the remainder of her pregnancy, contingent upon the execution of a release and waiver of her claims against the Company. (AYG Decl. ¶ 4). Although the offer was rejected, M&T referenced the offer in a position statement filed with the Equal Employment Opportunity

---

[1] (*See* Declaration of Ariel Y. Graff in Support of Plaintiff's Motion *in Limine* to Exclude Certain Evidence at Trial (hereinafter "AYG Decl. ¶ _) ¶ 3).

Commission ("EEOC") on January 18, 2013. (AYG Decl. ¶ 5). In a follow-up letter to the EEOC

Investigator on February 27, 2013, M&T again re-iterated their rejected, conditional offer to

reinstate Ms. Sheng. (AYG Decl. ¶ 6).

      A District Court-mandated mediation session occurred between the parties on May 17,

2013. (AYG Decl. ¶ 7). During the session, M&T made another conditional offer to reinstate Ms.

Sheng to her original position in exchange for a release and waiver of claims. (AYG Decl. ¶ 8).

      **b.**      **EEOC Proceedings and Findings**

      On April 29, 2013, the EEOC issued a letter to Ms. Sheng that states in relevant part:

      Respondent's position statement has been previously shared with you. Your rebuttal to
      this position statement has been received and analyzed. Based upon this analysis the
      Commission is unable to conclude that the information establishes a violation of Federal
      law on the part of Respondent. This does not certify that Respondent is in compliance
      with the statutes. No finding is made as to any other issue that might be construed as
      having been raised by this charge.

      (AYG Decl. Exh. A).

Along with its determination, the EEOC issued Ms. Sheng a Notice of Dismissal and Right to

Sue M&T for discrimination and retaliation under Title VII and the ADA. (AYG Decl. ¶ 9).


**II.**      **REQUESTED EVIDENTIARY RULINGS**

      Ms. Sheng seeks an order from this Court instructing Defendants and their counsel not to

refer to, testify about, call or question witnesses, or attempt to introduce in any form whatsoever

evidence or argument as to the following two items at the trial of this action:

      (i)      All offers made by Defendants to reinstate Ms. Sheng in exchange for settling the
             instant action.

      (ii)     All investigation and findings made by the EEOC regarding Plaintiff's
             discrimination charge.

## **ARGUMENT**

I.      **Defendants' Offers to Reinstate Plaintiff Following the Commencement of This Dispute Must be Precluded as Any Evidence of Such Offers is Irrelevant and Prohibited as a Compromise Offer Under FRE 408, and the Admission of Such Evidence Would Only Serve to Prejudice Plaintiff in the Eyes of the Jury**

The Federal Rules of Evidence precludes the introduction of any evidence that is not relevant. "Evidence is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." Fed. R. Evid. 401. It is further well settled under the Rules that any evidence of conduct, statements or offers made in the context of settlement negotiations for the purpose of compromising a claim is not admissible by either party to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408.

The trial judge has discretion to admit such evidence for another purpose, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id*. However, even if the evidence may be deemed admissible for another purpose, the court must further evaluate whether or not the probative value of the evidence is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Although the Court must first determine preliminary questions of admissibility such as whether the offer was made in the context of settlement negotiations, *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992), the Second Circuit has held that "where a party is represented by counsel, threatens litigation and has initiated the first administrative steps in that litigation, any offer made between attorneys will be presumed to be an offer within the scope of Rule 408." *Id*.

3

Defendants' offers to reinstate Ms. Sheng following the initiation through counsel of her claims against M&T– all of which were conditioned on a release and waiver of her claims against M&T – would be relevant for no other purpose than to attempt to show that Ms. Sheng failed to take reasonable steps to mitigate damages. But only *unconditional* offers of reinstatement –which, unlike M&T's offers to Ms. Sheng, are *not* conditioned on a waiver or compromise of claims – can properly implicate a plaintiff's mitigation of damages. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997) ("by definition, an unconditional offer may not require the employee to abandon or modify his suit"); *Eastmer v. Williamsville Cent. School Dist.,* 977 F. Supp. 207, 216 (W.D.N.Y. 1997) ("An unconditional offer is one in which the plaintiff is not required to give up any claims for damages, including damages for back pay that accrued before the offer was made, in exchange for the offer.").

Moreover, it is also clear that M&T's conditional offers were made within the context of settlement negotiations contemplated by FRE 408, and are therefore inadmissible on that basis as well. Specifically, M&T's first offer to reinstate Ms. Sheng's initial alternative work arrangement was made by M&T's counsel in response to the threat of litigation contained in Ms. Sheng's demand letter. Likewise, M&T's conditional offers of reinstatement made in the course of mandatory mediation proceedings – which are themselves rendered inadmissible under the Rules of the District's ADR Plan  – were also expressly conditioned on a waiver and release of all claims that Ms. Sheng has against M&T. *See* W.D.N.Y., Alternative Dispute Resolution Plan 15 (2011) ("No communication made in connection with or during any mediation session may be disclosed or used for any purpose including impeachment in any pending or future proceeding in the Court."). All offers made by M&T to reinstate Ms. Sheng therefore fit squarely into the prohibition of Rule 408, and must therefore be summarily precluded for any purpose, including a

purported failure to mitigate damages. *See Pierce*, 955 F.2d at 827 ("Therefore, under the plain language of Rule 408, evidence of the job offer was not admissible to show [Plaintiff]'s failure to mitigate damages.").

Even if evidence of the offers of reinstatement were relevant for some other purpose, the Court must nevertheless preclude its admission insofar as the probative value of the offers are substantially outweighed by the factors enumerated in Rule 403. As an initial matter, the offers have no probative value with respect to any of the underlying claims in this action; namely, that Ms. Sheng was subject to discriminatory treatment and retaliation from M&T and that M&T denied Ms. Sheng reasonable accommodation with respect to her pregnancy. For one, these offers were made only after Ms. Sheng was terminated from her position with M&T and had retained counsel to represent her in a potential litigation against the company. Therefore they shed no light on any of the events that occurred during Ms. Sheng's employment with M&T, which is the crux of this action.

Moreover, the danger of unfair prejudice to Ms. Sheng substantially outweighs any probative value these offers may have. Whatever purpose Defendants might offer as a valid avenue for the introduction of these offers would only amount to a thinly veiled attempt to paint Ms. Sheng in the presence of the jury as a disgruntled employee who rejected an offer of reinstatement solely for the purpose of obtaining a windfall recovery. The introduction of these offers into evidence would also require a limiting instruction to the jury as to the use of the evidence for a very particular purpose, and would therefore ultimately mislead the jury and create a confusion of the issues.

Because the Defendants' offers of reinstatement constitute compromise offers within the context of settlement negotiations under FRE 408 and the probative value of the evidence of

such offers for any permissible purpose is substantially outweighed by the danger of unfair

prejudice to Ms. Sheng, as well as all other enumerated factors under FRE 403, the Court should

summarily preclude the introduction of any and all such offers.

**II.     The Court Should Preclude the Investigations and Findings of the EEOC Because Both Parties Will Have an Opportunity to Present to the Jury Any Admissible Evidence That They Submitted to the EEOC and the Admission of the EEOC Findings Will Likely Mislead the Jury and Result in Confusion of the Issues and Undue Waste of Time.**

Courts in the Second Circuit have held that the findings of the EEOC and equivalent state

agencies may fall under the purview of the public records exception to the rule against hearsay.

*See, e.g.*, *Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 242 (W.D.N.Y. 2003).

It is well established, however, that the mere fact that the evidence *may* be admissible under a

hearsay exception does not render the evidence admissible *per se*. *See id*. (citing *Paolitto v. John*

*Brown E.& C., Inc.*, 151 F.3d 60, 64 (2d Cir. 1998) (explicitly rejecting the rule of per se

admissibility of EEOC findings adopted by the Fifth and Ninth Circuits)). "The district court

generally has discretion to exclude such hearsay on other grounds, such as where the evidence's

probative value is substantially outweighed by the danger of unfair prejudice." *Paolitto*, 151 F.3d

at 64. In sum, the Court must deny the admission of EEOC and equivalent state agency findings

if the probative value of the findings is substantially outweighed by the factors enumerated in

Fed. R. Evid. 403.

In exercising its discretion, the Court should "consider the quality of the report, its

potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and

unproductive struggle over how the evidence admitted at trial compared to the evidence

considered by the agency." *Id.* at 65. Many courts in this Circuit have consistently held that the

probative value of an EEOC or equivalent state agency finding is substantially outweighed by the

dangers of unfair prejudice and confusion when: (a) the parties will have a full opportunity

present to the jury all admissible evidence they submitted to the agency, and (b) the standard

employed by the agency to make its findings differs from the standard employed by the trier of

fact in rendering a verdict. *See id.*; *see also Dollman v. Mast Industries, Inc.*, No. 08 Civ. 10184

(WHP), 2011 WL 3911035, at *1 (S.D.N.Y. Sept. 6, 2011); *Sulton v. Lahood*, No. 08 Civ. 2435

(PKC), 2009 WL 3815764, at *2 (S.D.N.Y. Nov. 6, 2009).

Courts in the this District have further held that when the agency's findings are merely

conclusory statements that provide no description of the underlying investigation or the evidence

for the basis of the findings, the findings have "minimal probative value." *Cook v. Hatch*

*Associates*, No. 02 Civ. 065A, 2007 WL 1267023, at *2 (W.D.N.Y. Apr. 30, 2007). Some courts

have gone even further to suggest that the "conclusions set forth in [agency findings] are not

admissible evidence because they are not probative of whether defendant discriminated against

the plaintiff" and therefore are irrelevant under Fed. R. Evid. 402. *See Sulton*, 2009 WL 3815764,

at *2.

There is no indication that M&T will not be afforded the opportunity to present to the

jury the same evidence that it submitted to the EEOC in support of their position statement;

specifically, Ms. Sheng's acknowledgement of receipt of the Company's EEO policies and Ms.

Sheng's form requests for an alternative work arrangement. Similarly, Ms. Sheng will have the

opportunity to present all admissible evidence that she previously submitted to the EEOC in

support of her rebuttal. In addition, both parties will introduce substantial evidence at trial that

was not presented to the EEOC, such as witness testimony and other documentary evidence,

creating a "likelihood that the trial will deteriorate into a protracted and unproductive struggle

7

over how the evidence admitted at trial compare[s] to the evidence considered by the agency." *Paolitto*, 151 F.3d at 65.

More significantly, the findings of the EEOC have no probative value whatsoever. As noted above, the EEOC expressly declined to take a definitive position on the merits of Ms. Sheng's claims, stating instead that its inability to conclude that a violation of the law had taken place "does not certify that Respondent is in compliance with the statutes" and "[N]o finding is made to any other issue that might be construed as having been raised by this charge." The minimal probative value of the Right to Sue is further illustrated by the fact that it neither describes the EEOC's investigative process nor provides any factual or evidentiary basis for the conclusions. Such ambiguous determinations are not at all probative of whether M&T has discriminated against Ms. Sheng, and will only serve to create utter confusion of the issues and unnecessarily waste time and judicial resources. Finally, even to the extent the Right to Sue could be construed as a "finding," the standard adopted by the EEOC and equivalent state agencies is fundamentally different from the standard at trial. The EEOC asks only whether there is probable cause to warrant a public hearing, which constitutes "a far more lenient standard than [Plaintiff]'s burden at trial." *Dollman*, 2011 WL 3911035, at *1.

Because the probative value of the EEOC determination is necessarily and substantially outweighed by the dangers of unfair prejudice and confusion of the issues, the Court should preclude the introduction of all investigation and findings by the EEOC.

## CONCLUSION

Based upon the foregoing, Plaintiff Jia Sheng respectfully requests that this Court grant her motion for an order *in limine* in its entirety.

Dated: September 15, 2014
     New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____
     Ariel Y. Graff
     George D. Vallas

401 Park Avenue South
New York, New York 10016
Telephone:  (212) 571-2000
Facsimile:  (212) 571-0505
ari@ottingerlaw.com
george@ottingerlaw.com

*COUNSEL FOR PLAINTIFF*