UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JIA SHENG,

          **Plaintiff,**

v.                     No. 12 Civ. 01103 (HBS)

M&T BANK CORPORATION, and
MANUFACTURERS & TRADERS TRUST
COMPANY, d/b/a M&T BANK,

          **Defendants.**

---

### DEFENDANTS' MEMORANDUM OF LAW
### IN OPPOSITION TO PLAINTIFF'S MOTION "REQUESTING THAT THE COURT TAKE JUDICIAL NOTICE OF DEFNEDANTS' FINANCIAL INFORMATION DISCLOSED TO THE PUBLIC AND THE SEC"

Defendants, M&T Bank Corporation and Manufacturers & Traders Trust Company, d/b/a M&T Bank (collectively "M&T" or the "Bank"), respectfully submit this memorandum of law in opposition to Plaintiff's Motion (filed October 3, 2014, Dkt. No. 52-54) "Requesting That the Court Take Judicial Notice of Defendants' Financial Information Disclosed to the Public and the SEC."

### ARGUMENT

As a threshold matter, Plaintiff's Notice of Motion (Dkt. No. 52) states the nature of the relief as a request that this Court take judicial notice of Defendants' "financial information disclosed to the public and the SEC." That Notice is, on its face, impossibly broad and provides this Court insufficient information on the nature of the relief being sought. To the extent Plaintiff's memorandum in support of the motion narrows the request to only M&T's net income

as set forth in financial regulatory filings for fiscal years 2010, 2011 and 2012, and for the stated purpose of being considered for the calculation of punitive damages (Dkt. No. 53, at p. 2), the motion still fails to establish how it pertains to adjudicative facts in this case and is, at best, premature.

Rule 201 of the Federal Rules of Evidence "provides that the Court may take judicial notice at any stage of the proceeding of any **adjudicative fact** that is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Biernacki v. U.S.*, 2012 U.S. Dist. LEXIS 173872 (W.D.N.Y. 2012) (emphasis added); FRE 201.  "[A]djudicative facts are those developed in a particular case." *U.S. v. Hernandez-Fundora*, 58 F.3d 802, 812 (2nd Cir. quoting *U.S. v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976).  A request for judicial notice of such facts that would be premature, and instead a more appropriate subject for consideration at later phase in the litigation, fall outside the scope of Rule 201.  *Id*. at *8.

Here, Plaintiff's request that this Court take judicial notice of Defendants' financial information for the purpose of considering an award of punitive damages must be denied.  First, Defendants vigorously dispute liability on each count in Plaintiff's Amended Complaint, and any consideration prior to trial of information relating to a possible award for punitive damages based on any of those claims is, at best, premature.  Second, Plaintiff's requests for multiple years of financial statements have no bearing on the adjudicative facts here.  Plaintiff seeks to introduce evidence of net income of M&T up to two years prior to the events at issue in this litigation and makes no attempt to address, much less sufficiently explain, how such a  broad request for judicial notice of such records falls within the scope of Rule 201.

**CONCLUSION**

Based on the foregoing, Defendants respectfully request that Plaintiff's "Motion Requesting That the Court Take Judicial Notice of Defendants' Financial Information Disclosed to the Public and the SEC" be denied.

**Dated: October 17, 2014**
**Buffalo, New York**

        **M&T BANK**
        Sean D. Ronan, Esq.
        Thomas K. Frederick, Esq.
        *Attorneys for Defendants*

        By:  */s/ Sean D. Ronan*
             Sean D. Ronan

        One M&T Plaza
        Buffalo, New York 14203
        Telephone: (716) 842-5401
        sronan@mtb.com
        tfrederick@mtb.com