

401 Park Avenue South
New York, NY 10016
p. 212.571.2000 f. 212.571.0505

930 Montgomery Street
San Francisco, CA 94133
p. 415.262.0096 f. 212.571.0505

www.ottingerlaw.com

**Ariel Y. Graff**
ari@ottingerlaw.com

October 28, 2014

**BY ECF**

The Hon. Hugh B. Scott
United States Magistrate Judge
Western District of New York
2 Niagara Square
Buffalo, New York 14202

    Re:    *Sheng v. M&T Bank, et al.*, No. 12-cv-1103 (HBS)

Dear Judge Scott:

We write respectfully pursuant to the Court's Order, dated October 26, 2014 (ECF # 79), to address the effect that an unconditional offer of reinstatement would have as to Plaintiff's claims and potential damages in the jury trial scheduled to commence this Monday, November 3rd. Specifically, as further developed below, Plaintiff's claims would survive both a determination by the Court that the evidence proffered by Defendants is admissible under Rule 408, as well as any potential determination that any offer made in a private telephone conference between trial counsel for the respective parties on October 12, 2012—in response to the initial "demand letter" by Plaintiff's counsel—were somehow "unconditional" and in no way contingent upon Plaintiff's abandonment of her underlying claims in this case. Moreover, Plaintiff would, even in that scenario, still be entitled to recover compensatory, punitive, and liquidated damages, together with reasonable attorneys' fees and costs as to all claims.

**I.    Whether An Unconditional Job Offer Was Made Is A Question For The Jury**

At the outset, Plaintiff respectfully submits that even should the Court determine that the evidence proffered by Defendants is admissible under FRE 408, the question of whether an unconditional offer of reinstatement was made is ultimately one for the jury, and therefore cannot, as a matter of law under controlling Second Circuit authority, be determined by this Court following compelled testimony by both parties' trial counsel at tomorrow's hearing. As set forth by the Second Circuit, "<u>Whether an offer was unconditional for purposes of mitigation is . . . a question for the trier of fact</u>." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992) (emphasis added). The question is resolved finally by the court only where the court is acting as trier of fact—which is

401 Park Avenue South I New York, New York 10016 I P 212-571-2000 I F 212-571-0505 I www.ottingerlaw.com

manifestly not the case here. *See, e.g.*, *Jernigan v. Dalton Mgmt. Co., LLC*, 819 F. Supp. 2d 282, 291 (S.D.N.Y. 2011) (granting summary judgment to defendants); *see also Clarke v. Frank*, No. 88-cv-1900 (JLC), 1991 WL 150774, at *1 (E.D.N.Y. July 26, 1991) *aff'd in part, rev'd in part*, 960 F. 2d 1146 (2d Cir. 1992) (deciding the issue of an offer of reinstatement following a bench trial).[1]

In this case, Plaintiff has respectfully requested that the Court exclude evidence of the offers not only because they were clearly made in the context of settlement negotiations—and would therefore implicate the advocate-witness rule[2]—but also because Defendants have proffered no competent evidence of the offers to begin with. However, should the Court determine that the evidence is somehow admissible under Rule 408, Plaintiff's claims would nevertheless survive, and Defendants would then have the opportunity to prove to the jury that the offers were in fact unconditional and should therefore toll the accrual of back pay and foreclose Plaintiff's recovery of front pay, again, even in that scenario, without any impact on Plaintiff's claims for compensatory, punitive/liquidated damages, or attorneys' fees.

## II. Each of Plaintiff's Claims Would Survive A Finding That An Unconditional Offer of Reinstatement Was Made

As noted in Plaintiff's pretrial submissions, on June 28, 2012—approximately three weeks after informing Defendants of her pregnancy—Plaintiff was informed that her Alternative Work Arrangement ("AWA") was being revoked and that she would thereafter have to be present in Buffalo at least two days per week. (*See* Pl.'s Trial Mem. (ECF # 55) 1-2). Despite the fact that Plaintiff submitted documentation from her physician that her pregnancy did not permit her to travel, Plaintiff was placed on non-

---

[1]  Here, unlike in *Jernigan* and *Clarke*, a jury is the finder of fact and must therefore determine whether the offers were unconditional should the Court decide that the evidence proffered by Defendants is admissible. *Pierce*, 955 F.2d at 830.

[2]  *See Pierce*, 955 F.2d at 828. This case presents a virtually identical set of facts as *Pierce*—and therefore underscores the inescapable conclusion reached by the Second Circuit—as the only parties to the October 2012 conversation were Attorney Ronan and Attorney Graff. Amazingly, however, as noted repeatedly in the pretrial submissions, neither Attorney Ronan nor Attorney Graff intend to testify at trial regarding the October 2012 conversation. (*See* Pl.'s Mem. in Supp. Mot. *in Limine*, Oct. 17, 2014 (ECF # 72), 3-4). There is, therefore, absolutely no competent evidence of the offers before the Court to begin with. And, as noted above and made clear in *Pierce*, it is not the role of this Court to determine whether an unconditional offer was made, but instead only to determine whether any such alleged offer is barred under Rule 408.

working notice on September 11, 2012 and notified that she would be terminated effective October 12, 2012 if she did not execute the separation agreement presented by Defendants. (*See* Vallas Decl. in Supp. Mot. *in Limine*, Oct. 6, 2014 (ECF # 63), at Ex. B)).

Given these facts, evidence of an unconditional offer of reinstatement made on October 12, 2012—the effective date of Plaintiff's termination—would be potentially relevant for only two purposes; namely, to prove (1) that Plaintiff was not in fact terminated by Defendants, and (2) that Plaintiff did not adequately mitigate her economic damages. As further developed below, even should the Court determine that the evidence proffered by Defendants is admissible, and even should a jury agree with Defendants on each of those two points, all of Plaintiff's claims would nevertheless survive.

*Counts 1, 8 and 9:* *Violations of the FMLA, CFRA and PDLL*

An unconditional offer of reinstatement does not affect Plaintiff's claims of interference in violation of the FMLA (Count 1), California Family Rights Act ("CFRA") (Count 8) or California Pregnancy Disability Leave Law ("PDLL") (Count 9), as Plaintiff received none of the leave benefits provided for by those statutes. *See Zinaman v. Kingston Reg'l Sr. Living Corp.*, No. 11-cv-388 RFT, 2014 WL 282633, at *1 (N.D.N.Y. Jan. 23, 2014) (noting that an offer of reinstatement under the FMLA is only relevant to the question of back pay to the extent it was *bona fide* and made in good faith and that both elements are "obviously . . . factual determination[s]"); *Cole v. Uni-Marts, Inc.*, 88 F. Supp. 2d 67, 77 (W.D.N.Y. 2000) (distinguishing a District of South Carolina decision dismissing an FMLA interference claim due to lack of economic damages because, "in this case, to the contrary, there is no showing that plaintiff received any of the leave benefits guaranteed by the statute"). California courts have held that the same analysis obtains with respect to both the FMLA and the corresponding state statutes. *See Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1202 (S.D. Cal. 1998).

*Counts 2, 4, 6 and 11:* *Retaliation in Violation of the FMLA, ADA, Title VII and HRL*

Controlling law makes clear that evidence of an unconditional offer would have no effect on Plaintiff's claims for retaliation under the FMLA, ADA, Title VII and New York State Human Rights Law ("HRL") even if Defendants successfully establish that Plaintiff was only terminated subsequent to that offer, as the revocation of Plaintiff's AWA in June 2012 and her placement on non-working notice in September 2012 both qualify as adverse employment actions that could sustain a claim of retaliation. *See Goonan v. Fed. Reserve Bank of N.Y.*, No. 12-cv-3859 (JPO), 2014 WL 3610990, at *9 (S.D.N.Y. July 22, 2014) (noting that "'[a]dverse employment action' is defined broadly and includes discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand,"

and finding that the denial of an employee's request to telecommute constituted an adverse employment action). Finally, the standard for determining liability under the HRL substantially tracks those under the corresponding federal laws. *See id*. at *10. As such, to the extent Plaintiff's federal claims survive, so too must her state claim.

*Counts 3, 5 and 10*:   *Discrimination in Violation of Title VII, the ADA and the HRL*

An unconditional offer of reinstatement will not dispose of Plaintiff's discrimination claims, but will instead, at best, only impact Plaintiff's recovery of economic damages. *See, e.g.*, *Miano v. AC&R Adver., Inc.*, 875 F. Supp. 204, 224 (S.D.N.Y. 1995) (noting that an offer of reinstatement will normally toll the accrual of back pay and foreclose the recovery front pay, but that a discrimination plaintiff may still recover economic damages on those claims to the extent he can demonstrate his rejection of the offer was "reasonable" from an objective standard). As noted above, because the HRL tracks the corresponding federal law, her state claim must likewise survive. *See Goonan*, 2014 WL 3610990 at *10.

*Count 6 and 12*:   *Failure to Provide Accommodation In Violation of the ADA and FEHA*

It is unequivocal that Plaintiff can maintain her claim that Defendants failed to provide reasonable accommodations in violation of the ADA even given an unconditional offer of reinstatement, as Defendants acknowledge that the accommodation was not offered until Plaintiff had retained an attorney and threatened litigation. *See, e.g.*, *Jernigan*, 819 F. Supp. 2d at 292 ("Because [Plaintiff] declined an unconditional offer of reinstatement, Jernigan may not recover damages for front pay and his damages for back pay are tolled as of the date of his refusal . . . . Nonetheless, [Plaintiff] may still seek other types of damages, such as punitive damages."). The result is the same under the FEHA. *See Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1202 (S.D. Cal. 1998) (noting that courts look to case law interpreting corresponding federal laws in their analysis of the FEHA).

### III. Plaintiff Would Be Entitled To Compensatory, Punitive and Liquidated Damages, Together With Fees And Costs, Even Given An Unconditional Offer

As noted above, an unconditional offer of reinstatement normally only operates to foreclose the recovery of economic damages from the date the offer is made. *See, e.g.*, *Miano, Inc.*, 875 F. Supp. at 224. Therefore, even should a jury determine that the offer is unconditional, Plaintiff "may still seek other types of damages, such as punitive damages" provided by the statutes. *Jernigan*, 819 F. Supp. 2d at 292. For the convenience of the Court, Plaintiff sets forth below the additional types of damages provided for by each statute.

The Hon. Hugh B. Scott
United State Magistrate Judge
October 28, 2014

*Counts 1 and 2:*     *The FMLA*

In addition to economic damages, including front pay in lieu of reinstatement, the FMLA provides for the recovery of any actual monetary losses sustained in cases in which the actual wages were not denied, together with liquidated damages, as well as any reasonable attorneys' fees and costs incurred in pursuing the claim. 29 U.S.C. § 2617(a)(3). Defendants acknowledge that they made no offer of reinstatement until they were threatened with litigation by Plaintiff's counsel. As such, it is beyond cavil that Plaintiff is entitled under the FMLA to recover—at the very least—those fees and costs she thus incurred before Defendants made an effort to comply with the law.

*Counts 3- 7:* *Title VII and the ADA*

Compensatory and punitive damages are available under both Title VII and the ADA, although both statutes cap the amount that may be awarded. *See* 42 U.S.C. § 1981a(b). These may be recovered even in the presence of an unconditional offer of reinstatement. *See Jernigan*, 819 F. Supp. 2d at 292. Both statutes also provide for the recovery of attorneys' fees. 42 U.S.C. § 1988.

*Counts 8, 9 and 12:* *FEHA (Including the PDLL and CFRA*)

In addition to economic damages and reinstatement, the FEHA—including the PDLL and CFRA—also provides for uncapped compensatory damages, punitive damages and attorneys' fees and costs. *See Weeks v. Baker & McKenzie,* 63 Cal. App. 4th 1128, 1147 (Cal. App. Ct. 1998) (noting that, although the FEHA itself does not authorize punitive damages, "it is, however, settled that California's punitive damages statute . . . applies to actions brought under the FEHA").

*Counts 10 and 11:* *The Human Rights Law*

The New York HRL likewise provides for compensatory damages, together with attorneys' fees and costs, in addition to economic damages. N.Y. Exec. Law § 297(9)-(10).

IV.   **Plaintiff Has Not Abandoned Her Claims Arising Under CFRA and PDLL, Both Of Which Are Subsections Of FEHA**

As a final matter, we wish to address Plaintiff's Proposed Jury Instructions on her claims arising under the CFRA and PDLL. Plaintiff respectfully notes that the Instructions

The Hon. Hugh B. Scott
United State Magistrate Judge
October 28, 2014

condense references to Plaintiff's various state claims, specifically including those arising under FEHA,[3] solely for the purposes of avoiding juror confusion and unnecessary jargon. (*See* Pl.'s Proposed Jury Instructions 4 (ECF # 56) ("[W]henever possible, Ms. Sheng's state and federal claims will be addressed together. This means certain jury instructions will apply to both the state law claims as well as the federal law claims.")). Plaintiff did not intend to effectuate a waiver by doing so and does not intend to abandon those claims.

Thank you for Your Honor's consideration. Please do not hesitate to contact us should Your Honor require any further information.

Respectfully submitted,

*Ariel Graff*

Ariel Y. Graff

cc: Sean Ronan, Esq. (counsel for Defendants – by ECF and Facsimile)

---

[3] Both the CFRA and PDLL are subsections of the FEHA, which Plaintiff referenced explicitly in her Proposed Jury Instructions. (*See* Pl.'s Proposed Instructions 4); *see also Sanchez v. Swissport, Inc.*, 213 Cal App. 4th 1331, 1337 (Cal. Ct. App. 2013) ("The provisions of the PDLL are contained within the broader provisions of the FEHA"); *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 878 (Cal. Ct. App. 2007) (same with respect to CFRA).