UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

JIA SHENG,

                          **Plaintiff,**

v.                                        No. 12 Civ. 01103 (HBS)

**M&T BANK CORPORATION, and
MANUFACTURERS & TRADERS TRUST
COMPANY, d/b/a M&T BANK,**

                          **Defendants.**

───────────────────────────────────────

**DEFENDANTS' MEMORANDUM
PURSUANT TO THE COURT'S ORDER
DATED OCTOBER 27, 2014**

**INTRODUCTION**

Defendants, M&T Bank Corporation and Manufacturers & Traders Trust Company, d/b/a M&T Bank (collectively "M&T" or "the Bank"), respectfully submit this memorandum pursuant to the Court's Order dated October 27, 2014 (Dkt. #79) ("Order"). In the Order, the Court directed the parties to (1) identify which of Plaintiff's claims will survive in the event that the Court determines that an unconditional offer of reinstatement was made and rejected in this case, and (2) provide the Court with factual bases and legal authority to support their position as to each such claim.

As a threshold matter, in order to properly assess Plaintiff's claims as the Court directs, it is necessary to clarify the nature of the October 2012 offer that was made to Plaintiff. Because Plaintiff was still employed by the Bank at the time the offer was made, the offer is best understood as an offer to **continue** employment. Such an offer is distinguishable from an offer of reinstatement, which by definition involves a termination of the employment relationship for some period of time. All of the cases cited by Plaintiff involving offers of reinstatement are therefore inapposite.

For the reasons set forth below, if the Court concurs with M&T that the offer conveyed to Plaintiff in October 2012 to resume her job duties was unconditional and was rejected by Plaintiff, she cannot state a viable claim under any of the theories set forth in her Amended Complaint ("Complaint").[1]

---

[1] Defendants also note that there was an unconditional offer of employment extended in July 2013, six weeks after the mediation. As set forth in Defendants' previous submissions in opposition to Plaintiff's motion in limine, that offer (while issued after the end of her employment) would have the effect of limiting Plaintiff's damages claims.

### A. PLAINTIFF'S CLAIM OF INTERFERENCE UNDER THE FMLA (COUNT I), CFRA (COUNT VIII) AND PDLL (COUNT IX)

In her Complaint, Plaintiff alleges that Defendants engaged in unlawful interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq. (Count I), the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2 (Count VIII), and the California Pregnancy Disability Leave Law ("PDLL"), Cal. Gov. Code § 12945(a) (Count IX).

In order to state a claim of interference, a plaintiff must show that (1) she is an eligible employee under the statute; (2) defendant is a covered employer; (3) she was entitled to leave; (4) she provided defendant with notice of her intention to take leave; and (5) defendant denied her benefits to which she was entitled. *See Esser v. Rainbow Adver. Sales Corp.*, 448 F.Supp.2d 574, 580 (S.D.N.Y. 2006) (finding that plaintiff did not state a claim of interference under the FMLA).

If the Court determines that Plaintiff rejected an unconditional offer of reinstatement, she cannot make out a prima facie case of interference. As an initial matter, M&T's October 12, 2012 offer to Plaintiff clearly shows that she was not denied any benefits. Indeed, the offer specifically contemplated that Plaintiff would take maternity leave after her child was born. The fact that Plaintiff ultimately did not take maternity leave does not show, or even suggest that M&T "interfered" with her rights. Rather, she did not take maternity leave for one simple reason – she rejected M&T's offer.

Moreover, Plaintiff cannot establish the factual allegations underlying her interference claim. In her Complaint, Plaintiff contends that Defendants interfered with her rights "by, inter alia, terminating her employment for exercising and/or attempting to exercise her rights." *See*

Compl. ¶¶ 40, 75 and 81. In order to state a claim, Plaintiff must "prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her." *Potenza v. City of New York*, 365 F.3d 165, 167 (2d Cir. 2004) (holding that plaintiff could not maintain a claim for either interference or retaliation under the FMLA), quoting *Bachelder v. Am. W. Airlines*, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001).

At the time of M&T's October 12, 2012 offer, Plaintiff was still employed by the Bank. Had she accepted the offer, Plaintiff would have remained employed under the same terms and conditions that had existed previously. Indeed, M&T offered Plaintiff exactly what she had requested. *See, e.g.*, Compl. ¶ 23 ("After receiving notification of M&T's purported policy change, Ms. Sheng sent emails that same day to her supervisor and to M&T's Human Resources Department, asking to arrange a meeting with them to discuss the possibility of delaying her return to Buffalo until after she had given birth and completed an anticipated brief period of maternity leave as per the advice of her obstetrician) (emphasis added). However, when presented with precisely that offer, Plaintiff rejected it. By doing so, she effectively resigned from her position with the Bank. As such, Plaintiff cannot establish a factual predicate for her interference claim.

In short, if the Court determines that an unconditional offer of reinstatement was made and rejected, Plaintiff cannot demonstrate an impingement of any right under the FMLA, CFRA, or PDLL. Accordingly, her interference claim must fail.

**B. PLAINTIFF'S CLAIM OF RETALIATION UNDER THE FMLA (COUNT II), TITLE VII (COUNT IV), THE ADA (COUNT VII), AND THE NYSHRL (COUNT XI)**

Plaintiff alleges that M&T unlawfully retaliated against her in violation of the FMLA (Count II), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Count IV), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. (Count VII), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. (Count XI). In order to state a prima facie case of retaliation, a plaintiff must establish that (1) she exercised rights protected under the statute; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (FMLA); *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609-10 (2d Cir. 2006) (Title VII and NYSHRL); *Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 748 F.3d 471, 476 (2d Cir. 2014) (ADA).

If the Court determines that an unconditional offer of reinstatement was made and rejected, Plaintiff cannot state a prima facie claim of retaliation because she cannot show that she suffered an adverse employment action. In her Complaint, Plaintiff alleges that M&T retaliated against her by (1) failing to provide an accommodation for her "pregnancy and/or pregnancy related conditions," and (2) terminating her employment. *See* Compl. ¶¶ 45, 54, 70, and 90. Neither of these allegations can support a claim of retaliation in this case.

First, Plaintiff cannot show that M&T failed to accommodate her alleged medical condition. Indeed, M&T offered Plaintiff the exact accommodation she had requested – that she

be permitted to continue working remotely from California for the remainder of her pregnancy. Second, as discussed *supra*, M&T did not terminate Plaintiff's employment. Rather, Plaintiff ended the employment relationship when she rejected M&T's offer to continue in her position under the same terms and conditions that had previously been in place.

### C. PLAINTIFF'S CLAIM OF DISCRIMINATION UNDER TITLE VII (COUNT III), THE ADA (COUNT V), AND THE NYSHRL (COUNT X)

Plaintiff also claims that M&T unlawfully discriminated against her in violation of Title VII (Count III), the ADA (Count V), and the NYSHRL (Count X). To state a claim of discrimination, a plaintiff must show that (1) she is a member of the class of persons protected by the statute; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Weinstock v. Columbia University*, 224 F.3d 33, 42 (2d Cir. 2000) (Title VII and NYSHRL); *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96-97 (2d Cir. 2009) (ADA).

In the event that the Court determines that Plaintiff rejected an unconditional offer of reinstatement, her discrimination claims fail for the same reason as her retaliation claims – she cannot show that suffered a legally cognizable adverse employment action. In support of her discrimination claims, Plaintiff alleges that M&T (1) failed to provide a reasonable accommodation for her alleged disability, and (2) terminated her employment. Compl. ¶¶ 49, 60, and 86. As discussed supra, M&T's October 12, 2012 offer to Plaintiff clearly establishes that (1) M&T offered Plaintiff the exact accommodation she requested, and (2) it was Plaintiff, not

M&T, who severed employment relationship. Because Plaintiff cannot show that she experienced an adverse employment action, her discrimination claims must fail.

### D. PLAINTIFF'S CLAIM THAT M&T FAILED TO PROVIDE HER WITH A REASONABLE ACCOMMODATION UNDER THE ADA (TITLE VI) AND THE FEHA (COUNT XII)

Finally, Plaintiff contends that M&T failed to provide reasonable accommodation of her alleged disability in violation of the ADA (Count VI) and the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940 et seq. (Count XII). To state such a claim, a plaintiff must show that (1) she is a person with a disability under the statute; (2) defendant is covered by the statute and had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of her job; and (4) defendant refused to make such an accommodation. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 98 (2d Cir. 2009).

As discussed supra, if the Court determines that an unconditional offer of reinstatement was made and rejected, Plaintiff cannot show that M&T failed to provide a reasonable accommodation for her alleged disability. Indeed, M&T offered Plaintiff the exact accommodation she requested. *See, e.g.*, Compl. ¶ 23. Accordingly, her claims under the ADA and FEHA must fail.

**Dated: October 29, 2014**
**Buffalo, New York**

**M&T BANK**
Sean D. Ronan, Esq.
Thomas K. Frederick, Esq.
*Attorneys for Defendants*

By: */s/ Sean D. Ronan*
    Sean D. Ronan

One M&T Plaza
Buffalo, New York 14203
Telephone: (716) 842-5401
sronan@mtb.com
tfrederick@mtb.com