**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JIA SHENG,

                Plaintiff,

      v.

M&T BANK CORPORATION, and
MANUFACTURERS & TRADERS TRUST
COMPANY d/b/a M&T BANK,

                Defendants.

No. 12 Civ. 01103 (HBS)

<u>**PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS**</u>

# TABLE OF CONTENTS

Proposed Jury Instructions – Causes of Action ............................................................................1

The Legal Elements of the Claims............................................................................................1

Proposed Jury Instruction No. 1 – Basic Principles of Non-Discrimination ...................................3

Proposed Jury Instruction No. 2 – Simultaneous Analysis of Title VII, the ADA, the New York Human Rights Law, and FEHA; and of FMLA and FEHA ...................................................4

Proposed Jury Instruction No. 3 – Preponderance of the Evidence.................................................5

Plaintiff's Proposed Instruction No. 4 - Direct Evidence of Intent is Not Required .....................6

Proposed Jury Instruction No. 5 – Witness Credibility .................................................................7

Proposed Jury Instruction No. 6 – Corporations as Defendants .....................................................9

Proposed Jury Instruction No. 7– Interested Witness – Employee of Party..................................10

Proposed Jury Instruction No. 8 – Violation of the ADA and the New York State Human Rights Law for Failing to Provide a Reasonable Accommodation ...........................................................11

Proposed Jury Instruction No. 9 – Violation of FEHA for Failing to Provide a Reasonable Accommodation ......................................................................................................................15

Proposed Jury Instruction No. 10 – Discrimination in Violation of the ADA and the New York State Human Rights Law .........................................................................................................19

Proposed Jury Instruction No. 11 – Discrimination in Violation of Title VII and the New York State Human Rights Law .........................................................................................................21

Proposed Jury Instruction No. 12 – Discrimination in violation of FEHA ..................................23

Proposed Jury Instruction No. 13 — Interference With Exercise of Right to Take Maternity Leave Under the FMLA...........................................................................................................24

Proposed Jury Instruction No. 14 — Interference With Exercise of Right to Take Maternity Leave Under FEHA .................................................................................................................26

Proposed Jury Instruction No. 15 — Three Different Types of Damages.....................................27

Proposed Jury Instruction No. 16 – Economic Damages – Back Pay Damages ..........................28

Proposed Jury Instruction No. 17 – Compensatory Damages .......................................................31

Proposed Jury Instruction No. 18 – Punitive Damages ..............................................................32

Proposed Jury Instruction No. 19 – Nominal Damages...............................................................34

Plaintiff Jia Sheng ("Plaintiff" or "Ms. Sheng") respectfully submits the following revised proposed jury charge pursuant to Fed. R. Civ. P. 51, the Final Pretrial Order in this action, dated June 2, 2014, and the Court's Order dated October 10, 2014, and respectfully requests that she be permitted to supplement or modify these proposed instructions as may be necessary or appropriate after submission of all of the evidence at trial or during an appropriate conference with the Court.

## PROPOSED JURY INSTRUCTIONS – CAUSES OF ACTION

Ms. Sheng, the Plaintiff in this action, alleges that Defendants M&T Bank Corporation and Manufacturers & Traders Trust Company ("M&T Bank" or "Defendants") subjected her to unlawful employment discrimination by refusing to grant her a reasonable accommodation to enable her to work during her pregnancy, and by instead terminating her employment.  Ms. Sheng bring claims under the Family Medical Leave Act ("FMLA"), as amended, 29 U.S.C. §§ 2601*, et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*; the Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*; the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), as amended, Cal. Gov. Code §§ 12940 *et seq*.

## THE LEGAL ELEMENTS OF THE CLAIMS

Ms. Sheng makes several claims against Defendants.  The parties' differing views of the facts raise issues under several different legal theories, each of which I will explain

to you.  It is your responsibility to decide whether Ms. Sheng has proven each of her claims against M&T Bank.

**First,** ***Failure to Accommodate*** – Ms. Sheng claims that Defendants failed to provide her with a reasonable accommodation by demanding that she travel to Buffalo despite her medical restriction against flying during her pregnancy, in violation of the ADA, the New York Human Rights Law, and FEHA.

**Second**, ***Discriminatory Treatment*** – Ms. Sheng claims that Defendants terminated her employment because of her pregnancy and/or pregnancy-related medical conditions, in violation of Title VII, the ADA the New York Human Rights Law, and FEHA.

**Third,** ***Interference With Protected Leave*** – Ms. Sheng claims that Defendants terminated her employment before she could exercise her right to maternity leave, in violation of the FMLA and FEHA.

Now that you have a basic understanding of the claims that Ms. Sheng has asserted against Defendants, I will discuss the specific claims in detail.

**Proposed Jury Instruction No. 1 – Basic Principles of Non-Discrimination**

Members of the Jury, the law that governs this case is straightforward.  We as a nation are committed to non-discrimination in employment.  Employers may not discriminate against any individual with regard to terms, conditions, or privileges of employment because of that individual's gender, pregnancy, or disability, among other characteristics.  That means that an employee's pregnancy, for example, may not lawfully motivate, even in part, any significant employment decision or practice.

Now let us turn to the specific claims on which Ms. Sheng seeks relief in this case.

42 U.S.C. §§ 12101 *et seq.* (reciting purpose of statue); 42 U.S.C. § 2000e *et seq.* (same); 29 U.S.C. § 621 ("ADEA") (congressional statement of purpose); N.Y. Exec. Law § 290(3) (reciting purpose of statute); *California Fed. Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 272 (1987) (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 429-430); *Arizona Governing Comm. for Tax Deferred Annuity and Deferred Compensation*, 463 U.S. 1073, 1091 (1983) (quoting *Paper Co. v. Moody*, 422 U.S. 405 (1975)).

**Proposed Jury Instruction No. 2 – Simultaneous Analysis of Title VII, the ADA, the New York Human Rights Law, and FEHA; and of FMLA and FEHA**

As I just mentioned, Ms. Sheng has alleged claims of discrimination under both federal law – Title VII, the ADA, and the FMLA – as well as state laws – namely, the New York State Human Rights Law, and FEHA.  The standards applicable to employment discrimination claims under these laws are generally the same.

Accordingly, whenever possible, Ms. Sheng's state and federal claims will be addressed together.  This means certain jury instructions will apply to both the state law claims as well as the federal law claims.  However, there are a few differences, which I will point out to you as we go through these instructions.

*Brennan v. Met. Opera Ass'n, Inc*., 192 F.3d 310, 316-17 (2d Cir. 1999) ("Employment discrimination claims brought under the State Human Rights Law are analyzed identically to claims under . . . Title VII."); *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 332 n. 1 (2d Cir. 2000) (A claim of disability discrimination under the New York State Human Rights Law, N.Y. Exec. Law §§ 290-301, is governed by the same legal standards that govern federal ADA claims.); *Wills-Hingos v. Raymond Corp.*, 104 F. App'x 773, 774-75 (2d Cir. 2004) ("Pregnancy discrimination is expressly proscribed under Title VII, 42 U.S.C.2000e–2(a), 42 U.S.C. § 2000e(k); thus, it is subject to the same principles applicable to all Title VII discrimination cases and all other employment-related anti-discrimination federal statutes); *Medina v. Multaler, Inc.*, 547 F. Supp. 2d 1099, 1119 (C.D. Cal. 2007) ("In evaluating discrimination claims under FEHA, California looks to federal precedent governing analogous federal discrimination laws.")

**Proposed Jury Instruction No. 3  – Preponderance of the Evidence**

You, as the jury, are charged with analyzing the facts presented to you, and

determining whether Ms. Sheng has presented enough evidence for you to find in her

favor.  In doing so, you are asked to determine whether Ms. Sheng has established the

elements of her claims by a "preponderance of the evidence."

To "establish by the preponderance of the evidence" means to prove that

something is more likely so than it is <u>not</u> so.  In other words, a preponderance of the

evidence in the case means such evidence as, when considered and compared to that

opposed to it, has more convincing force, and produces in your mind a belief that what is

sought to be proved is more likely true than not true.  In determining whether any fact in

issue has been proven by a preponderance of the evidence in the case, you may, unless

otherwise instructed, consider the testimony of all witnesses, regardless of who may have

called them, and all exhibits received in evidence, regardless of who may have produced

them.

Ms. Sheng has the burden of proving each element of her claims by a

preponderance of the evidence.  Likewise, M&T Bank has the burden of proving each

element of its affirmative defenses by a preponderance of the evidence, and should

Defendants fail to do so, the defense will fail.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, *Federal Jury Practice and Instructions,* 3C Fed. Jury Prac. & Instr. § 171.60 and § 171.61 (5th ed.); *see also Desert Palace Inc. v. Costa,* 539 U.S. 90 (2003) (citing O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 171.60).

### <u>Plaintiff's Proposed Instruction No. 4 - Direct Evidence of Intent is Not Required</u>

As used in these instructions, Ms. Sheng must show that M&T Bank intentionally discriminated against her.  However, Ms. Sheng is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts, or the cumulative weight of circumstantial evidence.

Because employers rarely leave a paper trail – or "smoking gun" – attesting to a discriminatory intent, plaintiffs, such as Ms. Sheng, must often build their cases from indirect evidence and pieces of circumstantial evidence that cumulatively undercut the credibility of the various explanations offered by the employer.  Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices, and other indirect evidence of discriminatory motive, which may reveal patterns of discrimination against a group of employees.

*Hollander v. American Cyanmid Co.*, 895 F.2d 80, 84-85 (2d Cir. 1990); *Epstein v. Kalvin-Miller International, Inc.*, 121 F. Supp. 2d 742, 748 (S.D.N.Y. 2000); O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, 3C Fed. Jury Prac. & Instr. § 171.26 (5th ed. 2001).

**Proposed Jury Instruction No. 5 – Witness Credibility**

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by each side.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright and candid, or evasive and edgy, as if hiding something?  How did the witness appear; what was his or her demeanor while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the

reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has testified falsely with respect to a material fact in the case, you may, but you are not required to, disregard his or her entire testimony.  Or, in your discretion, you may choose to follow that which you believe is true, and reject the balance.  It is entirely within your discretion to determine the weight to be given to the testimony and to judge the credibility of the witness.

*See, e.g., Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620 (1944); *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952); *Hogan v. New York Times Co.*, 211 F. Supp. 99, 119 (D. Conn. 1962).

**Proposed Jury Instruction No. 6 – Corporations as Defendants**

M&T Bank is a corporation.  A corporation may act only through natural persons such as its employees and, in general, an employee of a corporation may bind the corporation by the employee's actions and statements while acting within the scope of the employee's authority or within the scope of the employee's duties as an employee of the corporation.

An employee acting outside the employee's delegated authority or outside the scope of the employee's duties may not bind the corporation.  However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation.  In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* Fed., 3C Jury Prac. & Instr. § 171.27 (Respondeat Superior) (5th ed. 2001); *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 153 (2d Cir. 1997) (no error in refusing to charge jury on *respondeat superior* liability where plaintiff had alleged harassment by her co-workers not by her superiors).

## Proposed Jury Instruction No. 7 – Interested Witness – Employee of Party

The fact that certain witnesses were and still are employed by Defendants and the testimony you have heard of these witnesses' relationships with their employer may be considered by you in deciding whether the testimony of one or more of these witnesses is in any way influenced by their employment relationship with Defendants.

*Adams v. Supermarkets General Corp.*, 525 N.Y.S. 2d 208 (1st Dep't 1988) (It is error to refuse to give the suggested charge if the witness is an employee of a party at the time of trial); *Dobro v. Sloan*, 48 A.D. 2d 243 (4th Dep't 1975) (accord); *Christensen v. Pittston Stevedoring Corp.*, 283 App. Div. 1088 (2nd Dep't 1954) (where the employer will benefit as a result of the verdict, the jury may find that the employee witness is in fact interested); *Majestic v. Louisville & N. R. Co.*, 147 F.2d 621 (6th Cir. 1945) (accord).

**Proposed Jury Instruction No. 8 – Violation of the ADA and the New York State Human Rights Law for Failing to Provide a Reasonable Accommodation**[1]

In this case, Ms. Sheng claims that Defendants unlawfully refused to give her a "reasonable accommodation" under the ADA and New York State Human Rights Law.

To succeed, Ms. Sheng must prove five things by a preponderance of the evidence:

1.   That she had a disability. I will define "disability" and several other important terms to you in a few minutes;

2.   That she was qualified to perform the job;

3.   That she requested an accommodation;

4.   That Defendants were aware of Ms. Sheng's disability at the time of her request; and

5.   That Defendants failed to provide Ms. Sheng with a reasonable accommodation.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must enter a verdict in Plaintiff's favor under the ADA and New York State Human Rights Law, and may award her "economic," "compensatory," and "punitive damages," which I will define for you in a few minutes.

42 U.S.C. §§ 1211 and 12112; *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d Cir. 2008).

---

[1]   A claim of disability discrimination under the New York State Human Rights Law, N.Y.

**Proposed Jury Instruction No. 8.1 – Definition of "Disability" Under ADA and the New York State Human Rights Law**

In this case, Plaintiff alleges that her pregnancy-related medical conditions were a "disability" under the ADA and New York State Human Rights Law.  In this context, the term disability means a "physical impairment" that "substantially limits" major life activities, such as the ability to work or to travel.  The term "physical impairment" means any condition that prevents the body from functioning normally.  And a physical impairment "substantially limits" a person's ability to work or travel if it prevents or severely restricts her from working or traveling compared to the average person in the general population.

*Bateman v. Project Hospitality, Inc.*, 07-CV-2085 RRM/RML, 2009 WL 3232856 (E.D.N.Y. Sept. 30, 2009) (adhering to developing line of cases finding "that pregnancy complications can create physical impairments sufficient to substantially limit one or more major life activities (in this case, Bateman's ability to engage in her employment), thus satisfying the ADA's statutory definition of 'disability.'"); *Cerrato v. Durham*, 941 F. Supp. 388, 393 (S.D.N.Y. 1996) (pregnancy-related conditions including spotting, leaking, cramping, dizziness, and nausea can qualify as disabilities under the ADA so that the woman suffering from such symptoms is protected from adverse employment decisions based solely on her symptoms); *US Airways v. Barnett*, 535 U.S. at 405 (*citing Borkowski v. Valley Central School Dist.*, 63 F.3d 131, 137 (2d Cir. 1995) ("an accommodation that imposed burdens that would be unreasonable for most members of an industry might nevertheless be required of an individual defendant in light of that employer's particular circumstances").

**Proposed Jury Instruction No. 8.2 – Definition of "Qualified" Under ADA and the New York State Human Rights Law**

Under the ADA and New York State Human Rights Law, Plaintiff was "qualified" if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without a reasonable accommodation.  Not all job functions are "essential."  Essential functions are a job's fundamental duties.  In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendants have to do that kind of work, the degree of specialization the job requires, Defendants' judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

42 U.S.C. §§ 12111(8); 29 C.F.R. pt. 1630, App. § 1630.2(m) (qualified individual).

13

**Proposed Jury Instruction No. 8.3 – Definition of "Reasonable Accommodation"
Under ADA and the New York State Human Rights Law**

Under the ADA and New York State Human Rights Law, to "accommodate" a

disability is to make some change that will let a person with a disability perform the job.

An accommodation is "reasonable" if it is effective and its costs are not clearly

disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary

work rules, facilities, conditions, or schedules, but does not include elimination or change

of essential job functions, assignment of essential job functions to other employees, or

lower productivity standards.


42 U.S.C. §§ 12111(8); *see also US Airways v. Barnett*, 535 U.S. at 405 (*citing
Borkowski v. Valley Central School Dist.*, 63 F.3d 131, 137 (2d Cir. 1995) ("an
accommodation that imposed burdens that would be unreasonable for most members of
an industry might nevertheless be required of an individual defendant in light of that
employer's particular circumstances").

**Proposed Jury Instruction No. 9 – Violation of FEHA for Failing to Provide a Reasonable Accommodation[2]**

In this case, Ms. Sheng also claims that Defendant violated FEHA by failing to provide her with a reasonable accommodation for her pregnancy or related medical conditions.  To succeed on this claim, Ms. Sheng must prove the following things by a preponderance of the evidence:

1.   That Ms. Sheng was an employee of Defendants;[3]

2.   That Ms. Sheng was pregnant;

3.   That Ms. Sheng requested that Defendants provide her with a "reasonable accommodation" based on the advice of her physician;

4.   That Ms. Sheng would have been able to perform the essential job duties with a reasonable accommodation;

5.   That Defendants failed to provide Ms. Sheng with a reasonable accommodation; and

6.   That Ms. Sheng was harmed by Defendants failure to provide her with a reasonable accommodation.

If you find that Ms. Sheng has established these elements by a preponderance of the evidence, you should enter a verdict in her favor on this claim, and may award her "economic," "compensatory," and "punitive damages," which I will define for you in a few minutes.

Cal. Gov't Code § 12945(a)(3)(A) (it is an unlawful employment practice: "For an employer to refuse to provide reasonable accommodation for an employee for a condition

---

[2]   Cal. Gov't Code § 12945(a)(3)(A) is a subsection of FEHA that is sometimes referred to as the "Pregnancy Disability Leave Law."

[3]   FEHA defines an employer as "a person regularly employing five or more persons." Gov't Code § 12926(d).

related to pregnancy, childbirth, or a related medical condition, if she so requests, with the advice of her health care provider."); Judicial Counsel of California Civil Jury Instructions ("CACI") (Mid-Year Supplement, June 2014), No. 2541.

**Proposed Jury Instruction No. 9.1 – Definition of "Reasonable Accommodation" Under FEHA**

A "reasonable accommodation" under FEHA is a reasonable change to the workplace that allows an employee who is pregnant or experiencing related medical conditions to perform the essential duties of her job. Reasonable accommodations may include changing job responsibilities or work schedules, or providing other similar accommodations.

CACI No. 2542 (2014).

**Proposed Jury Instruction No. 9.2 – Definition of "Essential Job Duties" Under FEHA**

In deciding whether a job duty is "essential," under FEHA you may consider, among other factors, the following:

- Whether the reason the job exists is to perform that duty;

- Whether there is a limited number of employees available who can perform that duty;

- Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

a. Defendants' judgment as to which functions are essential;

b. Written job descriptions prepared before advertising or interviewing applicants for the job;

c. The amount of time spent on the job performing the duty;

d. The consequences of not requiring the person currently holding the position to perform the duty;

e. The current work experience of persons holding similar jobs;

f. Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position.

"Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

CACI No. 2543 (2014).

18

**Proposed Jury Instruction No. 10 – Discrimination in violation of the ADA, and the New York State Human Rights Law**

Ms. Sheng claims that Defendants changed her work location from Los Angeles to Buffalo, and ultimately terminated her employment because of her pregnancy-related medical conditions, in violation of the ADA, and the New York State Human Rights Law.

To succeed on this claim, Ms. Sheng must prove by a preponderance of the evidence that:

(1)     Her pregnancy-related medical conditions were a "disability" as I previously defined that term under the ADA and New York State Human Rights Law; and

(2)     That Defendants changed her work location or terminated her employment because of her pregnancy-related medical condition.

It is <u>not</u> necessary that Ms. Sheng prove that her pregnancy-related medical condition was the sole motivating factor, the primary motivating factor, or the real motivating factor in Defendants' termination of her employment.  All that Ms. Sheng needs to show was that her pregnancy and/or pregnancy-related medical condition was a "motivating factor" in adverse employment actions against her.  Ms. Sheng's pregnancy-related medical condition is a "motivating factor" if it played a role in Defendants' adverse employment actions against her, and need not have been the only reason for Defendants' decision to engage in such adverse employment actions.

If you find that Ms. Sheng has established by a preponderance of the evidence that Defendants changed her work location or terminated her employment because of her pregnancy, you should enter a verdict in her favor on these claims, and may award her

"economic," "compensatory," and "punitive damages," which I will define for you in a

few minutes.

*Parker v. Columbia Pictures Industries*, 204 F.3d 326, 337 (2d Cir. 2000) (asserting
employers are liable under ADA where discrimination was motivating factor for an
employment practice, even though other factors also motivated practice); *Owen v.
Thermatool Corp.,* 155 F.3d 137, 139 n.1 (2d Cir. 1998) ("[T]he particular words used in
a jury instruction may (depending on the circumstances) be less important than the
meaning or substance of the charge as a whole. What is important is that the charge
conveys the idea that (1) the impermissible factor . . . must have played a role in the
employer's decision, and (2) the factor need not have been the sole consideration
motivating the employer's decision.") (internal citations omitted); *Cronin v. Aetna Life
Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995) ("[T]he plaintiff is not required to show that the
employer's proffered reasons were false or played no role in the employment decision,
but only that they were not the only reasons and that the prohibited factor was at least one
of the 'motivating' factors."); *Warmsley v. New York City Transit Authority*, 308 F. Supp.
2d 114, 121-22 (E.D.N.Y. 2004) (ultimate issue in employment discrimination case is
whether plaintiff has met burden of proving that adverse employment decision was
motivated, at least in part, by impermissible reason, *i.e.*, discriminatory reason (*citing
Gonzalez v. Rite Aid of New York, Inc.,* 199 F. Supp. 2d 122, 130 (S.D.N.Y. 2002)));
*Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002) (noting term
"motivating factor" is standard one in field of employment discrimination (internal
citations omitted)).

**Proposed Jury Instruction No. 11 – Discrimination in violation of Title VII and the New York State Human Rights Law**

Ms. Sheng claims that Defendants changed her work location from Los Angeles to Buffalo, and ultimately terminated her employment because of her pregnancy-related medical conditions, in violation of Title VII and the New York State Human Rights Law.

To succeed on this claim, Ms. Sheng must prove by a preponderance of the evidence that Defendants changed her work location or terminated her employment because she became pregnant.

It is <u>not</u> necessary that Ms. Sheng prove that her pregnancy was the sole motivating factor, the primary motivating factor, or the real motivating factor in Defendants' termination of her employment.  All that Ms. Sheng needs to show was that her pregnancy and/or pregnancy-related medical condition was a "motivating factor" in adverse employment actions against her.  Ms. Sheng's pregnancy is a "motivating factor" if it played a role in Defendants' adverse employment actions against her, and need not have been the only reason for Defendants' decision to engage in such adverse employment actions.

If you find that Ms. Sheng has established by a preponderance of the evidence that Defendants changed her work location or terminated her employment because of her pregnancy, you should enter a verdict in her favor on these claims, and may award her "economic," "compensatory," and "punitive damages," which I will define for you in a few minutes.

*Holmes v. Donahoe*, 10-cv-1031, 2014 WL 2882850 (W.D.N.Y. June 25, 2014) (Title VII status-based discrimination claims employ the motivating factor standard of

causation); *Owen v. Thermatool Corp.,* 155 F.3d 137, 139 n.1 (2d Cir. 1998) ("[T]he particular words used in a jury instruction may (depending on the circumstances) be less important than the meaning or substance of the charge as a whole. What is important is that the charge conveys the idea that (1) the impermissible factor . . . must have played a role in the employer's decision, and (2) the factor need not have been the sole consideration motivating the employer's decision.") (internal citations omitted); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995) ("[T]he plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors."); *Warmsley v. New York City Transit Authority*, 308 F. Supp. 2d 114, 121-22 (E.D.N.Y. 2004) (ultimate issue in employment discrimination case is whether plaintiff has met burden of proving that adverse employment decision was motivated, at least in part, by impermissible reason, *i.e.*, discriminatory reason (*citing Gonzalez v. Rite Aid of New York, Inc.,* 199 F. Supp.2d 122, 130 (S.D.N.Y. 2002))); *Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 162 (E.D.N.Y. 2002) (noting term "motivating factor" is standard one in field of employment discrimination (internal citations omitted)).

**Proposed Jury Instruction No. 12 – Discrimination in violation of FEHA**

Ms. Sheng also claims that Defendants changed her work location from Los Angeles to Buffalo, and ultimately terminated her employment because of her pregnancy and/or pregnancy-related medical conditions, in violation of FEHA.

To succeed on this claim, Ms. Sheng must prove by a preponderance of the evidence that her pregnancy or related medical condition was a "substantial motivating reason" for Defendants' decision to change her work location or terminate her employment.

A "substantial motivating reason" under FEHA is a reason that actually contributed to the Defendants' decisions. It must be more than a remote or trivial reason. But it does not have to be the only reason motivating the Defendants' decisions to change Ms. Sheng's work location or terminate her employment.

If you find that Ms. Sheng has established by a preponderance of the evidence that Defendants changed her work location or terminated her employment because of her pregnancy or pregnancy-related medical conditions, you should enter a verdict in her favor on this claim, and may award her "economic," "compensatory," and "punitive damages," which I will define for you in a few minutes.

Adapted from CACI (2014) Nos. 2500 and 2507.

**Proposed Jury Instruction No. 13 — Interference With Exercise of Right to Take Maternity Leave Under the FMLA**

Ms. Sheng claims that Defendants terminated her employment to prevent her from exercising her right to take unpaid maternity leave under the FMLA.[4]  To prevail on this claim, Ms. Sheng must prove by a preponderance of the evidence:

>    (1)   that she was pregnant;

>    (2)   that she gave Defendants appropriate notice that she would need to be absent from work for maternity leave; and

>    (3)   that Defendants interfered with Ms. Sheng's expected exercise of her right to take unpaid maternity leave by terminating her employment.

Plaintiff is <u>not</u> required to establish any discriminatory intent on the part of Defendants.  In other words, it does not matter whether Defendants *intended* to interfere with Ms. Sheng's rights to take maternity leave – only whether Defendants termination of her employment actually had the effect of interfering with those rights.

If Ms. Sheng proves by a preponderance of the evidence that Defendants interfered with her right to take maternity leave by terminating her employment, you

---

[4]      An "eligible employee" under the FMLA is one who:

>    (1) Has been employed by the employer for at least 12 months, and

>    (2) Has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave, and

>    (3) Is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

29 CFR § 825.110.  With respect to the third element, the "worksite" for "employees who work at home, as under the concept of flexiplace or telecommuting … is the office to which they report and from which assignments are made," that than their personal residence. 29 CFR § 825.111(a)(2).

In this case, because Defendants' status as a "covered employer" and Ms. Sheng's status as an "eligible employee" appear to be undisputed (and beyond dispute), the foregoing elements are not included in the body of Plaintiff's proposed instruction.

should enter a verdict in her favor under the FMLA, and award her "economic" damages,

which I will define for you in a few minutes.


29 U.S.C. § 2615(a)(1); *Mann v. Mass. Correa Elec., J.V.*, 00-cv-3559 (DLC), 2002 WL 88915, at *7 (S.D.N.Y. Jan. 23, 2002) ("in order to prevail on an interference claim, a plaintiff need not show discriminatory intent"); *King v. Preferred Technical Group,* 166 F. 3d 887, 891 (7th Cir. 1999) ("[i]n such cases, the intent of the employer is irrelevant"); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 162 (2d Cir. 2011) ("The FMLA provides that an employer interfering with its employee's legitimate use of FMLA-protected leave 'shall be liable to [the] employee affected ... for damages equal to ... the amount of ... any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." (quoting 29 U.S.C. § 2617(a)(1)(A)(i)(I))).

**Proposed Jury Instruction No. 14 — Interference With Exercise of Right to Take Maternity Leave Under FEHA[5]**

Ms. Sheng also claims that Defendants terminated her employment to prevent her from exercising her right to take unpaid maternity leave under FEHA.[6]  To prevail on this claim, Ms. Sheng must prove by a preponderance of the evidence:

    1.    That she requested maternity leave in anticipation of the birth of her daughter;

    2.    That she provided reasonable notice to Defendants of her anticipated need for maternity leave; and

    3.    That Defendants interfered with Ms. Sheng's expected exercise of her right to take unpaid maternity leave by terminating her employment.

If Ms. Sheng proves by a preponderance of the evidence that Defendants interfered with her right to take maternity leave by terminating her employment, you should enter a verdict in her favor under FEHA, and award her "economic" and "compensatory" damages, which I will define for you in a few minutes.

Cal. Gov't Code section 12945.2(t) ("It shall be an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."); CACI No. 2600 (defining elements) and VF-2600 (listing damages).

---

[5]    The California Family Rights Act, Gov't Code section 12945.2 ("CFRA") is contained within FEHA (Gov't Code sections 12900-12996).

[6]    The definitions interpreting the FMLA, 29 CFR Part 825, are incorporated into the CFRA to the extent that they do not conflict with its express provisions.  2 Cal. Code of Regs. Sec. 11087.  Because the CFRA is silent as to the definition of "worksite" in the context of employees who work from home or telecommute, the definition as discussed in FN 4, *supra*, is equally applicable to Ms. Sheng's eligibility under the CFRA.

## Proposed Jury Instruction No. 15 — Three Different Types of Damages

Before I explain the damages questions on the verdict form, I want to give you some general instructions about damages. You should not infer that Ms. Sheng is entitled to damages merely because I am instructing you on the subject of damages. It is your function to decide, on the evidence presented and the rules of law on which I have instructed you and by answering the questions I have put to you already, whether Ms. Sheng is entitled to recover from M&T Bank. If your answers to the preceding questions are such that she is entitled to recover from M&T Bank, then you will consider damages. If you determine that Ms. Sheng is not entitled to recover from M&T Bank, then you will not consider damages.

Based on the various causes of action Ms. Sheng has alleged, there are three potential types of damages you may award:

(1) Economic Damages – These are the damages directly related to lost wages, bonuses, benefits and other compensation Ms. Sheng may be entitled to recover and which may take the form of back pay;

(2) Compensatory Damages – These types of damages provide an award to compensate Ms. Sheng for pain and suffering, emotional distress, including feelings of depression, anxiety and/or humiliation, and/or harm to reputation that she may have suffered;

(3) Punitive Damages – These are damages that you may award to punish M&T Bank for especially egregious conduct and to deter M&T Bank and others from engaging in similar conduct in the future.

*Katt v. City of New York*, 151 F. Supp. 2d 313, 369 (S.D.N.Y. 2001) (calculation of damages is province of the jury) (citing *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1996)).

**Proposed Jury Instruction No. 16 – Economic Damages – Back Pay Damages**

If you determine that Ms. Sheng was discriminated against, she may recover the wages, bonuses and other benefits she would have earned if she had not been discriminated against by M&T Bank.  An award of back pay runs from the date of the discriminatory action to the date of the judgment.  Therefore, in awarding back pay, you must determine the damages Ms. Sheng is entitled to from the day M&T Bank took discriminatory action against her through the present.  In other words, you must determine the total amount of compensation Ms. Sheng would have earned at M&T Bank between the time M&T Bank terminated her employment until the present.  You should include any lost salary, bonuses, raises, benefits, promotions, and other compensation or remuneration, increases, or payments necessary to make Ms. Sheng whole in determining your total award of back pay damages.

Once you have determined what Ms. Sheng would have earned from M&T Bank during the period of time from the discriminatory conduct through the present, you should consider any compensation Ms. Sheng earned from any other employment, premised upon good faith attempts on Ms. Sheng's part to maximize her income.  Then you can subtract the amount which Ms. Sheng actually earned from other employers from the compensation she would have received if she remained employed at M&T Bank. This amount represents the back pay damages award.

*Gatti v. Cmty. Action Agency of Greene Cnty,, Inc.*, 263 F. Supp. 2d 496 (N.D.N.Y. 2003) (plaintiff who has proven employment discrimination claim was entitled to back pay from date of discharge until date of judgment); *Taddeo v. Ruggiero Farenga, Inc.*, 102 F. Supp.

2d 197, 198 (S.D.N.Y. 2000) (back pay encompasses the time period between the firing and court judgment, offer of reinstatement, or better employment, but "interim" earnings, less than those previously paid, are applied to mitigate a continuing injury however, if despite reasonable efforts plaintiff has no earnings in that period, nothing mitigates her damages); *Nordquist v. Uddeholm Corp.,* 615 F. Supp. 1191, 1204 (D. Conn. 1985) (back pay damages are calculated from date of termination to date of employment at equal or higher salary if plaintiff was fortunate enough to obtain such employment prior to date of trial); *see also Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) (back pay award in Title VII case should include lost salary, including anticipated raises, and fringe benefits); *Statler v. Buffalo-Bodega Complex, Inc.*, 06 cv 5003, 2008 U.S. Dist. LEXIS 75512, at *9-10 (D.S.D. Sept. 29, 2008) (awarding backpay damages for unlawful reduction of hours); *Vernon v. Port Auth. of New York and New Jersey*, No. 95 Civ. 4594, 2003 WL 1563219, at *1 (S.D.N.Y. Mar. 26, 2003) (holding it was necessary to incorporate employer's merit and promotional increase policies during period at issue in calculating back pay award to employee and also including prejudgment interest on award of back pay damages); *Epter v. New York City Transit Auth.*, 216 F. Supp. 2d 131, 135 (E.D.N.Y. 2002) (unless it would result in a highly speculative award, back pay usually "runs from the date of the discriminatory action to the date of the judgment, and should include any anticipatory raises, step increases, cost of living increases, and other increases necessary to make the plaintiff whole.") (quoting *EEOC v. Joint Apprenticeship Comm.,* 186 F.3d 110, 124 (2d Cir. 1999)).

**Proposed Jury Instruction No. 16.1 – Economic Damages – Offer of Reinstatement**

In this case, you have heard witnesses testify that after her termination, Ms. Sheng retained an attorney who contacted M&T Bank to inform them of his belief that M&T Bank had violated Ms. Sheng's rights under the law.  You have also heard that an attorney for M&T Bank contacted Ms. Sheng's attorney in response to his letter and, that in the course of a subsequent discussion between them, M&T's attorney proposed to Ms. Sheng's attorney that M&T Bank would be willing to permit Ms. Sheng to resume her employment at M&T.

If you determine, based on a preponderance of the evidence, that that M&T's offer was "unconditional" and that Ms. Sheng "unreasonably refused" M&T's offer, then you may not award her damages for lost wages in this case.

In this context, an "unconditional offer" is one that has no strings or conditions attached to it.  If you find that M&T's offer would have required Ms. Sheng to compromise, abandon, or waive any actual or potential legal claims, then you must find that the offer was <u>not</u> an "unconditional offer," and you may award Ms. Sheng damages for lost wages if you find M&T liable on any of the legal claims in this case.

If you find that the offer was "unconditional" then you must determine whether it was "unreasonable" for Ms. Sheng to have declined the offer.  If you find that it was reasonable for Ms. Sheng to decline the offer, then you may also award Ms. Sheng damages for lost wages if you find M&T liable on any of the legal claims in this case.

*Pierce v. F.R. Tripler*, 955 F.2d 820, 830 (2d Cir. 1992).

**Proposed Jury Instruction No. 17 – Compensatory Damages**

Ms. Sheng is also seeking compensatory damages because of the emotional pain and suffering, including feelings of depression, anxiety, humiliation and/or mental anguish she alleges to have suffered as a result of Defendants' conduct.  Compensatory damages are separate from back pay.  Accordingly, in order to receive compensatory damages, Ms. Sheng must prove that she has suffered emotional distress as a result of being discriminated against by Defendants.  Ms. Sheng can prove this through her own testimony.  Ms. Sheng can receive compensatory damages even without showing that she received professional counseling or therapy.

Additionally, you can award compensatory damages because of emotional anguish Ms. Sheng may have suffered during and immediately after any of Defendants' acts, even though she may not still be suffering at the same level today.

*Bick v. City of New York*, 95 Civ. 8781, 1998 WL 190283, at * 24-5 (S.D.N.Y. Apr. 21, 1998) (awarded damages for pain and suffering to victim of employment discrimination who proved compensatory damages though her own testimony and that of her therapist, which established that she suffered from severe emotional anguish for extended period although she had improved by time of trial); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (compensatory damages may be recovered under FEHA).

**Proposed Jury Instruction No. 18 – Punitive Damages**

Ms. Sheng is also seeking punitive damages.  Punitive damages are designed to punish especially egregious acts or violations of the law and deter or discourage wrongdoers from engaging in similar conduct in the future.  You can determine that Ms. Sheng is entitled to punitive damages if she demonstrates that Defendants engaged in discriminatory practices against her with malice or with a reckless indifference to her right to be free from unlawful discrimination at M&T Bank.

For example, you may award punitive damages if you determine that Defendants knew they were violating antidiscrimination statutes and/or were recklessly indifferent to that fact.  Accordingly, you may consider the fact that during the time period that Ms. Sheng was employed with Defendants, Defendants were aware of discriminatory conduct, and were intentionally allowing it to continue, or were recklessly indifferent to Ms. Sheng's right to be free from discrimination in her employment.

If you determine from the evidence received in the case that Defendants' conduct justifies an award of punitive damages, you may award an amount of punitive damages, which all jurors must agree is proper.  In fixing the amount, you should consider the following questions:

- How offensive was the conduct?

- Does the amount have a reasonable relationship to the actual damage award?

- What amount is needed, considering the Defendants' financial condition, to prevent repetition?

32

[*In this regard you may consider the fact that M&T Bank Corporation reported net income: in excess of $577-million in calendar year 2010; in excess of $791-million in calendar year 2011; and in excess of $853-million in calendar year 2012*].[7]

If you do award punitive damages, however, you should fix the amount using discretion and sound reason.

*Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 137 (2d Cir. 2008) ("An award of punitive damages in an ADA case requires a showing 'that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'") (quoting 42 U.S.C. § 1981a(b)(1)); *Nestor v. Pratt & Whitney*, 466 F.3d 65, 67 (2d Cir. 2006) ("The Civil Rights Act of 1991, 42 U.S.C. § 1981a, authorizes the award of compensatory or punitive damages to a successful Title VII plaintiff who was the victim of intentional discrimination."); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (punitive damages may be recovered under FEHA "where the defendant has been guilty of oppression, fraud, or malice").

---

[7]     *See* Plaintiff's Motion for Judicial Notice (filed Oct. 3, 2014).

**Proposed Jury Instruction No. 19 – Nominal Damages**

If you find for Plaintiff, but you find that she has failed to prove <u>any</u> of the damages described above, you should award her nominal damages.  Nominal damages should not exceed one dollar.

*        *        *        *

Dated: New York, New York
         November 3, 2014                    Respectfully submitted,

                                          **THE OTTINGER FIRM, P.C.**

                                          By:_____
                                                George D. Vallas
                                                Robert W. Ottinger
                                          401 Park Avenue South
                                          New York, New York 10016
                                          Tel: (212) 571-2000
                                          Fax: (212) 571-0505
                                          george@ottingerlaw.com
                                          robert@ottingerlaw.com

                                          *Counsel for Plaintiff*