**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**JIA SHENG,**

                                        **Plaintiff,**

        **v.**                                          **Civil No.: 12-Civ. 01103 (HBS)**

**M&T BANK CORPORATION and**
**MANUFACTURERS AND TRADERS TRUST**                **DEFENDANTS' PROPOSED**
**COMPANY, d/b/a M&T BANK,**                        **JURY INSTRUCTIONS**

                                        **Defendants.**
_____

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, M&T Bank Corporation and Manufacturers and Traders Trust Company, d/b/a M&T Bank (collectively "M&T Bank" or the "Bank"), respectfully submit the following Proposed Jury Instructions. Defendants reserve the right to make changes to and supplement these proposals based upon developments prior to or at trial and any errors and omissions in the parties' submissions.

## TABLE OF CONTENTS

CONTACT WITH OTHERS..............................................................................................5

NOTE-TAKING BY JURY.............................................................................................6

JUROR ATTENTIVENESS............................................................................................7

ROLE OF THE COURT................................................................................................8

ROLE OF THE JURY ..................................................................................................9

JUROR OATH ............................................................................................................11

JURY TO DISREGARD COURT'S VIEW .....................................................................12

CONDUCT OF COUNSEL............................................................................................13

RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE .............................................14

SYMPATHY ...............................................................................................................15

CORPORATE PARTIES ..............................................................................................16

1

CORPORATE RESPONSIBILITY .................................................................................17

PREVIOUS TRIAL ......................................................................................................19

PUBLICITY – FINAL CHARGE ..................................................................................20

BURDEN OF PROOF – GENERAL INSTRUCTION ..................................................21

PREPONDERANCE OF THE EVIDENCE...................................................................22

WHAT IS AND IS NOT EVIDENCE ..........................................................................24

DIRECT AND CIRCUMSTANTIAL EVIDENCE.......................................................26

INFERENCE DEFINED ...............................................................................................28

EFFECT OF INFERENCE ON BURDEN OF PROOF .................................................29

PRESUMPTIONS – REBUTTABLE PRESUMPTION DEFINED ...........................30

WITNESS CREDIBILITY............................................................................................31

BIAS ...........................................................................................................................33

INTEREST IN OUTCOME...........................................................................................34

DISCREPANCIES IN TESTIMONY ...........................................................................35

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS.............................36

STIPULATION OF FACTS...........................................................................................37

STIPULATION OF TESTIMONY ................................................................................38

SUMMARIES AND CHARTS ADMITTED AS EVIDENCE.....................................39

RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH
COURT........................................................................................................................40

DUTY TO DELIBERATE / UNANIMOUS VERDICT................................................41

DEADLOCK CHARGE: REACHING AGREEMENT .................................................42

SELECTION OF FOREPERSON..................................................................................43

RETURN OF VERDICT...............................................................................................44

GENERAL VERDICT FORM......................................................................................45

GENERAL VERDICT ACCOMPANIED BY ANSWERS TO INTERROGATORIES.............46

SPECIAL VERDICT....................................................................................................47

PARTIAL VERDICT – SINGLE PLAINTIFF, SINGLE DEFENDANT ...................48

FMLA – WRONGFUL TERMINATION OF EMPLOYEE TAKING LEAVE FOR BIRTH,
ADOPTION, OR FOSTER CARE................................................................................49

FMLA – "APPROPRIATE NOTICE"—LEAVE FORESEEABLE............................50

2

FMLA – "SAME DECISION" DEFENSE......................................................................51

VIOLATION OF CFRA RIGHTS – ESSENTIAL FACTUAL ELEMENTS .............................52

CFRA – ELIGIBILITY .........................................................................................53

REASONABLE NOTICE OF CFRA LEAVE..................................................................54

CFRA RIGHTS RETALIATION – ESSENTIAL FACTUAL ELEMENTS............................55

VIOLATION OF PDLL – ESSENTIAL FACTUAL ELEMENTS ...........................................56

ADA – THE STATUTE .........................................................................................57

ADA – PURPOSE OF THE STATUTE........................................................................58

ADA – ELEMENTS OF THE CLAIM ........................................................................59

ADA – FIRST ELEMENT – PLAINTIFF HAS A DISABILITY...............................................60

ADA – IMPAIRMENT .........................................................................................61

ADA – MAJOR LIFE ACTIVITY...............................................................................62

ADA – SUBSTANTIALLY LIMITS ...........................................................................63

ADA – SECOND ELEMENT – QUALIFIED INDIVIDUAL....................................................64

ADA – PLAINTIFF IS OTHERWISE QUALIFIED FOR THE POSITION..............................65

ADA – ESSENTIAL FUNCTIONS OF THE POSITION ...........................................66

ADA – REASONABLE ACCOMMODATION ..................................................................68

ADA – UNDUE HARDSHIP ..................................................................................69

ADA – THIRD ELEMENT – DISCRIMINATION...............................................................70

ADA – ADVERSE EMPLOYMENT ACTION................................................................71

ADA – PRETEXT .............................................................................................72

ADA – RETALIATION .........................................................................................73

FEHA – DISABILITY DISCRIMINATION – ESSENTIAL FACTUAL ELEMENTS ..............74

FEHA – DISABILITY DISCRIMINATION –REASONABLE ACCOMMODATION – ESSENTIAL FACTUAL ELEMENTS...................................................................................75

FEHA – DISABILITY DISCRIMINATION ..................................................................76

FEHA – DISABILITY DISCRIMINATION – "ESSENTIAL JOB DUTIES" EXPLAINED .....77

FEHA – DISABILITY DISCRIMINATION AFFIRMATIVE DEFENSE – UNDUE HARDSHIP ....................................................................................................................78

TITLE VII – GENERAL INSTRUCTION.......................................................................79

TITLE VII – PRETEXT .........................................................................................80

3

TITLE VII RETALIATION CLAIM ........................................................................81

TITLE VII – CONSTRUCTIVE DISCHARGE INSTRUCTION ................................82

FEHA – DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS.......................83

FEHA – RETALIATION – ESSENTIAL FACTUAL ELEMENTS ...........................84

FEHA – "SUBSTANTIAL MOTIVATING REASON" EXPLAINED.......................85

CONSIDER DAMAGES ONLY IF NECESSARY ...................................................86

MULTIPLE CLAIMS.................................................................................................87

COMPENSATORY DAMAGES ...............................................................................88

PUNITIVE DAMAGES ..............................................................................................90

NOMINAL DAMAGES..............................................................................................91

MITIGATION OF DAMAGES...................................................................................92

FMLA – ACTUAL DAMAGES .................................................................................93

ADA – DAMAGES.....................................................................................................94

ADA – COMPENSATORY DAMAGES ...................................................................95

ADA – NONPECUNIARY DAMAGES.....................................................................96

ADA – PUNITIVE DAMAGES..................................................................................97

ADA – GOOD FAITH EFFORT AT REASONABLE ACCOMMODATION ...........98

TITLE VII – ACTUAL DAMAGES...........................................................................99

TITLE VII – PUNITIVE DAMAGES.......................................................................100

## <u>CONTACT WITH OTHERS</u>

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as next week, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.02 (2017)

## <u>NOTE-TAKING BY JURY</u>

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.02 (2017)

## **JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said – or what I may say in these instructions – about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## **JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## JURY TO DISREGARD COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## **CONDUCT OF COUNSEL**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## <u>RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## **SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## CORPORATE PARTIES

In this case, the defendants are corporations. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

4-72 *Modern Federal Jury Instructions – Civil*, ¶ 72.01 (2017)

## CORPORATE RESPONSIBILITY
## (EXPRESS, APPARENT, IMPLIED AUTHORITY DEFINED)

A corporation is a creation of state law and can act only through its agents – that is, its employees, officers or authorized representatives. In order to find that the act of an agent was binding on the corporation you must find that the agent had authority to act in the manner in which he or she is alleged to have acted.

This authority may be express, apparent or inherent. Express authority is created by the direct verbal or written giving of that authority by the corporation to its agent. For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses. Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carries generally recognized duties. In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the corporation. To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent. In such circumstances, the corporation is bound to third parties, who are unaware of any lack of authority to the same extent as if the power to act had been directly conferred. Therefore, if you find that the corporation has, by reason of its words or conduct, led a third party to rely on the appearance of the agent's authority to act on behalf of all the facts and circumstances of the particular case, then the corporation is responsible for such acts of its agent as if the corporation itself committed the acts.

There are also situations in which an agent has inherent authority to bind the corporation even when the corporation has not granted the employee either the express or apparent authority

to act on its behalf. This inherent authority may exist, provided the acts in question are within the scope of his or her employment, even though the acts may be criminal or tortious. An act is within the scope of employment if it is sufficiently related to the kind the employee was employed to perform, if it was done substantially within the time and space limits of the job and was actuated, at least in part, by a purpose to serve the corporation.

Therefore, if you find that the agent acted with express, apparent, or inherent authority to bind the corporation, you may find that the corporation was responsible for his conduct.

4-72 *Modern Federal Jury Instructions – Civil*, ¶ 72.01 (2017)

## **PREVIOUS TRIAL**

You have heard testimony about a previous trial of this case. The fact that this is the second trial is irrelevant to your consideration of this case. You should not consider the fact of a previous trial in any way. Your verdict in this case must be based solely upon the facts as you find them from the evidence introduced at this trial in accordance with the law as I charge you.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## PUBLICITY – FINAL CHARGE

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

4-71 *Modern Federal Jury Instructions – Civil*, ¶ 71.01 (2017)

## BURDEN OF PROOF – GENERAL INSTRUCTION

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence).

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendants.

4-73 *Modern Federal Jury Instructions – Civil*, ¶ 73.01 (2017)

## PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this

and you should put it out of your mind.

4-73 *Modern Federal Jury Instructions – Civil*, ¶ 73.01 (2017)

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

4-74 *Modern Federal Jury Instructions – Civil*, ¶ 74.01 (2017)

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.

26

4-74 *Modern Federal Jury Instructions – Civil*, ¶ 74.01 (2017)

## INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

4-75 *Modern Federal Jury Instructions – Civil*, ¶ 75.01 (2017)

## **EFFECT OF INFERENCE ON BURDEN OF PROOF**

The mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing her case by a preponderance of the evidence. If the plaintiff is to obtain a verdict, you must still believe from the credible evidence that she has sustained the burden cast upon her. If she has failed, then your verdict must be for the defendant. If you should find that all of the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then she has met the burden of proof.

4-75 *Modern Federal Jury Instructions – Civil*, ¶ 75.01 (2017)

## PRESUMPTIONS – REBUTTABLE PRESUMPTION DEFINED

You have heard arguments by counsel which call on you to make certain presumptions. What is a presumption? A presumption requires you to find one fact from the existence of another fact.

Before you may find the presumed fact to exist, you must, therefore, determine whether the underlying or basic fact has been proved. Only if you find the basic fact to exist will the presumption operate to require you to find that the presumed fact also was proved.

One word of caution. The mere existence of a presumption never shifts the burden of proof. In this case, even if you find the basic fact that compels you to find the presumed fact, the burden of proof still remains on the plaintiff to prove all the elements of her claim. The presumptive fact, therefore, would only be a circumstance to be considered along with all of the other circumstances in this case in deciding the issue of liability.

4-75 *Modern Federal Jury Instructions – Civil*, ¶ 75.02 (2017)

## WITNESS CREDIBILITY

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

4-76 *Modern Federal Jury Instructions – Civil*, ¶ 76.01 (2017)

**<u>BIAS</u>**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

4-76 *Modern Federal Jury Instructions – Civil*, ¶ 76.01 (2017)

## **INTEREST IN OUTCOME**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

4-76 *Modern Federal Jury Instructions – Civil*, ¶ 76.01 (2017)

## DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

4-76 *Modern Federal Jury Instructions – Civil*, ¶ 76.01 (2017)

## <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS</u>

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

4-76 *Modern Federal Jury Instructions – Civil*, ¶ 76.01 (2017)

## **STIPULATION OF FACTS**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

4-74 *Modern Federal Jury Instructions – Civil*, ¶ 74.02 (2017)

## **STIPULATION OF TESTIMONY**

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given that testimony.

4-74 *Modern Federal Jury Instructions – Civil*, ¶ 74.02 (2017)

## SUMMARIES AND CHARTS ADMITTED AS EVIDENCE

The defendant has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

4-74 *Modern Federal Jury Instructions – Civil*, ¶ 74.06 (2017)

## <u>RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;</u>
## <u>COMMUNICATIONS WITH COURT</u>

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## **DUTY TO DELIBERATE / UNANIMOUS VERDICT**

You will now return to decide the case. In order to prevail, the plaintiff must sustain her burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## DEADLOCK CHARGE: REACHING AGREEMENT

This case is important for the plaintiff and for the defendant. Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

You are reminded that the plaintiff, to prevail, must prove each element of her claims in accordance with the standards that I explained to you before.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## SELECTION OF FOREPERSON

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## **RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## GENERAL VERDICT FORM

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the plaintiff's claims against the defendants. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## **GENERAL VERDICT ACCOMPANIED BY ANSWERS TO INTERROGATORIES**

I have prepared two forms for you to use in recording your decisions. The first is a general verdict form. On this form, there are spaces to indicate your verdict on each of the plaintiff's claims against the defendant. You should return a verdict on each claim.

The second form contains interrogatories, or written questions about some of the issues in this case. These questions are to be answered "yes" or "no." You should answer every question on this second form (except where the form indicates otherwise).

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

**SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question (except where the verdict form indicates otherwise).

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## **PARTIAL VERDICT – SINGLE PLAINTIFF, SINGLE DEFENDANT**

It is the desire of the court and of both parties that you return a verdict on every claim of the plaintiff against the defendant if you can do so without violating your individual consciences. However, if, after conscientious deliberations, you are only able to agree on a verdict concerning some of the claims, you may return a verdict concerning only those claims.

4-78 *Modern Federal Jury Instructions – Civil*, ¶ 78.01 (2017)

## **FMLA – WRONGFUL TERMINATION OF EMPLOYEE TAKING LEAVE FOR BIRTH, ADOPTION, OR FOSTER CARE**

In order for a plaintiff to prevail on a FMLA claim based on the need to take leave for the birth, adoption, or foster care of a child, the plaintiff must prove all of the following elements by a preponderance of the evidence:

1. The plaintiff was eligible for leave;

2. The plaintiff requested leave because of the birth of a son or daughter;

3. The plaintiff gave the defendants appropriate notice of her need to be absent from work;

4. The defendants discharged the plaintiff;

5. The plaintiff's requested leave was a motivating factor in the defendants' decision to discharge the plaintiff.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.04 (2017)

## **FMLA – "APPROPRIATE NOTICE"—LEAVE FORESEEABLE**

The phrase "appropriate notice" as used in these instructions means that the [employee/plaintiff] must have notified defendant of her need for leave at least 30 days before the leave was to begin.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.04 (2017)

## FMLA – "SAME DECISION" DEFENSE

Even if plaintiff has satisfied her burden, the defendants can avoid liability if they prove by a preponderance of the evidence that they would have terminated the plaintiff's employment even if the defendants had not considered the plaintiff's request for FMLA leave.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.04 (2017)

## **VIOLATION OF CFRA RIGHTS – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant refused to grant her family care leave. To establish this claim, the plaintiff must prove all of the following:

1.  That she was eligible for family care leave;

2.  That she requested leave for the birth of her child or bonding with the child;

3.  That she provided reasonable notice to the defendant of her need for family care leave, including its expected timing and length.

4.  That the defendant refused to grant the plaintiff's request for family care leave;

5.  That the plaintiff was harmed; and

6.  That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

4-26 *California Forms of Jury Instruction* § 2600 (2017)

## **CFRA – ELIGIBILITY**

To show that she was eligible for family care leave the plaintiff must prove all of the following:

1.  That she was an employee of the defendant;

2.  That the defendant employed 50 or more employees within 75 miles of plaintiff's workplace;

3.  That at the time plaintiff requested family care leave, she had more than 12 months of service with the defendant and had worked at least 1,250 hours for the defendant during the previous 12 months; and

4.  That at the time plaintiff requested leave, she had taken no more than 12 weeks of family care or medical leave in the 12-month period prior to her request.

4-26 *California Forms of Jury Instruction* § 2601 (2017)

## REASONABLE NOTICE OF CFRA LEAVE

For notice of the need for leave to be reasonable, plaintiff must make the defendant aware that she needs family care leave, when the leave will begin, and how long it is expected to last. The notice can be verbal or in writing and does not need to mention the law. An employer cannot require disclosure of any medical diagnosis, but should ask for information necessary to decide whether the employee is entitled to leave.

4-26 *California Forms of Jury Instruction* § 2602 (2017)

## **CFRA RIGHTS RETALIATION – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant retaliated against her for requesting family care leave. To establish this claim, the plaintiff must prove all of the following:

1. That the plaintiff was eligible for family care leave;

2. That the plaintiff requested family care leave;

3. That the defendant discharged the plaintiff;

4. That the plaintiff's request for family care leave was a substantial motivating reason for discharging her;

5. That the plaintiff was harmed; and

6. That the defendant's retaliatory conduct was a substantial factor in causing the plaintiff's harm.

4-26 *California Forms of Jury Instruction* § 2620 (2017)

## **VIOLATION OF PDLL – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant violated the "Pregnancy Disability Leave Law," which is a California state law often referred to by its initials, "PDLL." This law entitles an eligible employee to take up to four months of unpaid leave, concurrent with any leave provided under the FMLA.

To prevail on this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

First:  that the defendant was an employer under the FEHA with five or more employees.

Second:  that she was disabled by pregnancy, which means that, in the opinion of her health care provider, she was unable because of pregnancy to work at all or was unable to perform any one or more of the essential functions of her job or to perform these functions without undue risk to herself, the successful completion of her pregnancy, or to other persons;

Third: that the request was reasonable, which means that it complied with any applicable notice requirements and was accompanied by a certification; and

Fourth: that the defendant denied the request for pregnancy leave.

2 CCR Part 7291

## ADA – THE STATUTE

The claim before you is based on 42 U.S.C. § 12112, which is also known as part of the Americans with Disabilities Act or the ADA. This statute provides in part that:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.01 (2017)

## **ADA – PURPOSE OF THE STATUTE**

The purpose of the Americans with Disabilities Act is to eliminate workplace discrimination against individuals with disabilities by providing a clear and comprehensive national policy.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.01 (2017)

## ADA – ELEMENTS OF THE CLAIM

Under the Americans with Disabilities Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. First, that the plaintiff has a disability, as I will define that term for you;

2. Second, that the plaintiff is a qualified individual, as I will define that term for you;

3. Third, that the defendant discriminated against plaintiff because of that disability; and

4. Fourth, that the plaintiff suffered damages as a direct result of that discrimination.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.01 (2017)

## ADA – FIRST ELEMENT – PLAINTIFF HAS A DISABILITY

The first element of a claim under the Americans with Disabilities Act is that the plaintiff has a disability. A "disability" is defined by the ADA as a mental or physical impairment that substantially limits the individual in at least one of the major activities of life. I shall now further define these terms for you.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.02 (2017)

## ADA – IMPAIRMENT

In order to prove that he she has a disability, the plaintiff must first prove by a preponderance of the evidence that she has a physical or mental impairment. An impairment is:

1.  Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, immune, blood and circulation, lymphatic or endocrine glands, or skin.

2.  Any mental or physiological disorder, such as intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.02 (2017)

## <u>ADA – MAJOR LIFE ACTIVITY</u>

If you find that the plaintiff has an impairment, then you must determine whether that impairment substantially limits a major life activity. "Major life activities" are the normal activities of living. They include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. Major life activities also include the operations of a major bodily function, including but not limited to functions of the immune system, special sense organs, skin, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, musculoskeletal, endocrine, and reproductive functions.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.02 (2017)

## **ADA – SUBSTANTIALLY LIMITS**

Finally, to satisfy the first element of an ADA claim, the plaintiff must prove by a preponderance of the evidence that, as a result of the impairment, her ability to perform major life activity was substantially limited as compared to most people in the general population.

An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting, but not every impairment is considered a substantial limitation. In determining whether an individual is substantially limited in a major life activity, you may consider facts such as the condition under which the individual performs the major life activity; the manner in which the individual performs the major life activity; and/or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.02 (2017)

## ADA – SECOND ELEMENT – QUALIFIED INDIVIDUAL

The second element of a claim under the Americans with Disabilities Act is that the plaintiff is a "qualified individual."

To satisfy this element, the plaintiff must prove two things by a preponderance of the evidence: first, that she is otherwise qualified for the position the plaintiff holds (or desires), and, second, that with or without reasonable accommodation the plaintiff can perform the essential functions of that employment position. I will now define some of these terms for you.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.03 (2017)

## ADA – PLAINTIFF IS OTHERWISE QUALIFIED FOR THE POSITION

As I just stated, to establish that she is a qualified individual, the first thing the plaintiff must prove is that he she is otherwise qualified for the position. This means that the plaintiff has the requisite skill, experience, education, and other job-related requirements of the employment position involved in this case. If she cannot satisfy this standard, then the plaintiff is not a qualified individual, even if the reason she is not qualified is because of the disability, as, for example, where a blind person would be disqualified from driving a bus.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.03 (2017)

## ADA – ESSENTIAL FUNCTIONS OF THE POSITION

If you find that the plaintiff was otherwise qualified for the position, then the next step is to determine whether she has proved by a preponderance of the evidence that she was able to perform the essential functions of the employment position with or without reasonable accommodation.

In order to make this determination, you will need to determine what the essential functions of the employment position were. The "essential functions of an employment position" are the basic duties of a job that a person must be able to perform in order to hold a particular position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:

1. the reason the position exists is to perform that function;

2. there are a limited number of employees available among whom the performance of that job function can be distributed; and

3. the job function is highly specialized and the person in that position is hired for his [or her] expertise or ability to perform that particular job function.

In determining whether a particular job function is essential, you may consider the following factors, along with all of the evidence which has been presented to you:

1. the employer's judgment as to which functions of the job are essential;

2. written job descriptions prepared by the employer for advertising or posting the position;

3. written job descriptions prepared by the employer for use in interviewing applicants for the position;

4. the amount of time spent performing the function;

5.  the consequences of not requiring the person holding the position to perform the function;

6.  the terms of any collective bargaining agreement;

7.  the work experience of past employees who have held the position; and

8.  the work experience of current employees who hold similar positions.

The plaintiff, at the time of her termination, must have been able to perform all of the essential functions of the position with or without reasonable accommodation, as I will define that term for you. An employer may not base an employment decision on speculation that the plaintiff's disability might worsen to the extent that the plaintiff would not be a qualified individual at some time in the future. On the other hand, an employer is not required to speculate that an employee's condition will improve if that employee is not able to fulfill all of the essential functions of the position at the time in question.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.03 (2017)

## ADA – REASONABLE ACCOMMODATION

As I stated, the plaintiff must demonstrate by a preponderance of the evidence that she was able to perform the essential functions of the employment position with or without reasonable accommodation.

If you find that the plaintiff was otherwise qualified, as I explained that term to you, and you also find that the plaintiff was able to fulfill all of the essential functions of the job without any accommodation at the time of the adverse job action, then she is a qualified individual. However, if you find that the plaintiff was otherwise qualified but unable to fulfill all of the essential functions of the job without accommodation, then you must consider whether there were reasonable accommodations that the defendant could have made that would have enabled the plaintiff to fulfill the essential functions she could not otherwise fulfill.

A reasonable accommodation must be reasonable both in terms of cost and efficiency. Thus, you may consider the financial and administrative burdens that would be placed on the employer if required to make a particular accommodation.

An employer is not required to eliminate or alter essential functions of the position as a reasonable accommodation. Thus, the employer is not required to reallocate essential job duties to other employees or to reduce productivity standards to accommodate the plaintiff.

A disabled employee has the obligation to suggest reasonable accommodations to the employer. An employer is not required to grant every request by an employee; it is required to make only those reasonable accommodations that allow the employee to function in the position. An employee may not require an employer to accept a particular accommodation if another one will accomplish the necessary result.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.03 (2017)

## ADA – UNDUE HARDSHIP

The defendant has presented evidence that making the reasonable accommodation of would have constituted an undue hardship.

An employer is not required to provide an accommodation that will impose an undue hardship on the operation of that employer's business. An "undue hardship" is any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The defendant has the burden of proving by a preponderance of the evidence that an accommodation would constitute an undue hardship. In making this determination, you may consider the following factors:

1.  the nature and cost of the accommodation;

2.  the size and nature of the defendant's business, and the financial resources available to it; and

3.  the impact of the accommodation on the operation of the defendant's business.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.03 (2017)

## ADA – THIRD ELEMENT – DISCRIMINATION

The third element of a claim under the Americans with Disabilities Act is that the defendant discriminated against the plaintiff because of her disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to take that adverse action (or in the defendant's failure to make reasonable accommodation as required by the ADA). It need not have been the sole factor, but it must have been a decisive factor, meaning that but for the consideration of the plaintiff's disability, the defendant would not have made the same employment decision.

In order for the disability to have been a determinative factor in the defendant's decision, the defendant must have known that the plaintiff had a disability. This means that the person who made the decision to take the adverse action knew that plaintiff had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability. An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.04 (2017)

## ADA – ADVERSE EMPLOYMENT ACTION

In this case, the defendant has argued that the employment action taken (e.g., requiring the plaintiff to relocate to Buffalo) was not "adverse." An adverse employment action is one that a reasonable person would regard as having a materially significant negative effect on the terms or conditions of employment. Whether the action was adverse to the plaintiff is a question for you to decide based on all of the evidence presented.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.04 (2017)

## **ADA – PRETEXT**

Here, the defendant argues that it took an adverse action against the plaintiff, not because of plaintiff's disability, but for a nondiscriminatory reason. If you find that is true, that would be a complete defense. But if you find that the asserted reason is just a pretext, you may, if you wish, consider whether the real reason was discrimination on the basis of disability. Remember, however, that not all pretexts are designed to conceal discrimination and that it is plaintiff's burden to satisfy you, by a preponderance of the evidence, that the adverse action would not have been taken, except for the defendant's consideration of the plaintiff's disability.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.04 (2017)

## **ADA – RETALIATION**

The plaintiff claims that the employer discriminated against her because the plaintiff opposed a practice made unlawful by the ADA. To establish a case of retaliation, the plaintiff must show by a preponderance of the evidence these three elements:

First, that the plaintiff engaged in conduct protected by the ADA, including requesting a reasonable accommodation;

Second, that the defendant took an adverse employment action against the plaintiff at the time of, or after, the protected conduct occurred; and

Third, that the defendant would not have taken the adverse employment action if he did not intend to retaliate against the plaintiff for engaging in conduct protected by the ADA.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.04 (2017)

## <u>FEHA – DISABILITY DISCRIMINATION – ESSENTIAL FACTUAL ELEMENTS</u>

The plaintiff claims that the defendant wrongfully discriminated against her based on her disability. To establish this claim, the plaintiff must prove all of the following:

1.  That the defendant was an employer;

2.  That the plaintiff was an employee of the defendant;

3.  That the defendant knew that the plaintiff had a physical condition that limited a major life activity;

4.  That the plaintiff was able to perform the essential job duties with reasonable accommodation for her disability;

5.  That the defendant discharged the plaintiff;

6.  That the plaintiff's disability was a substantial motivating reason for the defendant's decision to discharge her;

7.  That the plaintiff was harmed; and

8.  That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

The plaintiff does not need to prove that the defendant held any ill will or animosity toward her personally because she was disabled.

4-25 *California Forms of Jury Instruction* § 2540 (2017)

74

## FEHA – DISABILITY DISCRIMINATION –
## REASONABLE ACCOMMODATION – ESSENTIAL FACTUAL ELEMENTS

The plaintiff claims that the defendant failed to reasonably accommodate her disability. To establish this claim, the plaintiff must prove all of the following:

1. That the defendant was an employer;

2. That the plaintiff was an employee of the defendant;

3. That plaintiff had physical condition that limited a major life activity;

4. That the defendant knew of plaintiff's physical condition that limited a major life activity;

5. That the plaintiff was able to perform the essential job duties with reasonable accommodation for her disability;

6. That the defendant failed to provide reasonable accommodation for the plaintiff's disability;

7. That the plaintiff was harmed; and

8. That the defendant's failure to provide a reasonable accommodation was a substantial factor in causing the plaintiff's harm.

4-25 *California Forms of Jury Instruction* § 2541 (2017)

## FEHA – DISABILITY DISCRIMINATION –
## "REASONABLE ACCOMMODATION" EXPLAINED

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job. Reasonable accommodations may include the following:

1.  Making the workplace readily accessible to and usable by employees with disabilities;

2.  Changing job responsibilities or work schedules;

3.  Reassigning the employee to a vacant position;

4.  Modifying or providing equipment or devices;

5.  Modifying tests or training materials;

6.  Providing qualified interpreters or readers; or

7.  Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

4-25 *California Forms of Jury Instruction* § 2542 (2017)

## <u>FEHA – DISABILITY DISCRIMINATION – "ESSENTIAL JOB DUTIES" EXPLAINED</u>

In deciding whether a job duty is essential, you may consider, among other factors, the following:

1. Whether the reason the job exists is to perform that duty;

2. Whether there is a limited number of employees available who can perform that duty;

3. Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

1. The defendant's judgment as to which functions are essential;

2. Written job descriptions prepared before advertising or interviewing applicants for the job;

3. The amount of time spent on the job performing the duty;

4. The consequences of not requiring the person currently holding the position to perform the duty;

5. The terms of a collective bargaining agreement;

6. The work experiences of past persons holding the job;

7. The current work experience of persons holding similar jobs;

8. Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

4-25 *California Forms of Jury Instruction* § 2543 (2017)

## FEHA – DISABILITY DISCRIMINATION –
## AFFIRMATIVE DEFENSE – UNDUE HARDSHIP

The defendant claims that the plaintiff's proposed accommodations would create an undue hardship to the operation of its business. To succeed, the defendant must prove that the accommodations would be significantly difficult or expensive to make. In deciding whether an accommodation would create an undue hardship, you may consider the following factors:

1. The nature and cost of the accommodation;

2. The defendant's ability to pay for the accommodation;

3. The type of operations conducted at the facility;

4. The impact on the operations of the facility;

5. The number of the defendant's employees and the relationship of the employees' duties to one another;

6. The number, type, and location of the defendant's facilities; and

7. The administrative and financial relationship of the facilities to one another.

4-25 *California Forms of Jury Instruction* § 2545 (2017)

## **TITLE VII – GENERAL INSTRUCTION**

Plaintiff bases her lawsuit on Title VII of the Civil Rights Act of 1964. The Act provides in pertinent part that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin … ."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in defendant's employment practice decision.

To prove her claim, plaintiff must prove by a preponderance of the evidence:

First, that defendant modified the plaintiff's alternative work arrangement and/or discharged the plaintiff, and

Second, that plaintiff's gender was a motivating factor in defendant's decision.

You must find for the defendant if either of these elements has not been proved.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

## **TITLE VII – PRETEXT**

The defendant has offered evidence that it took the adverse action entirely for nondiscriminatory reasons. Remember that it is the plaintiff's burden to prove that at least one of the motivating reasons for the decision was intentional discrimination and that an employer may take adverse decisions against an employee for any reason, good or bad, as long as it is not discriminatory. However, you should scrutinize the reasons proffered by the defendant, just as you would any other evidence. If you find that the reasons were "pretextual," that is, they were not the real reasons for the decision, then you may infer or not infer, as you choose, that the pretext was designed to conceal discrimination.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

## TITLE VII RETALIATION CLAIM

Plaintiff claims that the defendant retaliated against her because she complained that her employer was engaging in unlawful discrimination. Opposing discrimination in employment is a protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

1.  that the plaintiff complained of discrimination in his employment;

2.  that the defendant was aware of plaintiff's complaint;

3.  that the plaintiff was then subjected to a material adverse action by the defendant, specifically the defendant modified the plaintiff's alternative working arrangement;

4.  that the plaintiff's complaint was the critical element in the defendant's decision to take the adverse action.

With respect to the third element, an adverse action is "material," in terms of a retaliation claim, if it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to the plaintiff's employment.

With respect to the fourth element, it must be the case that the defendant would not have taken the adverse action except as a response to the plaintiff's protected activity. The defendant must have taken the adverse action because of an intent to retaliate against the plaintiff for complaining about employment discrimination.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

## <u>TITLE VII – CONSTRUCTIVE DISCHARGE INSTRUCTION</u>

Your verdict must be for the plaintiff if all the following elements have been proved by a preponderance of the evidence:

First, the defendant made the plaintiff's working conditions intolerable, and

Second, the plaintiff's gender was a motivating factor in the defendant's actions, and

Third, the plaintiff's resignation was a reasonably foreseeable result of defendant's actions.

Working conditions are intolerable if a reasonable person in the plaintiff's situation would have deemed resignation the only reasonable alternative or would feel compelled to resign.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

## **FEHA – DISPARATE TREATMENT – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant wrongfully discriminated against her. To establish this claim, the plaintiff must prove all of the following:

1.   That the defendant was an employer;

2.   That the plaintiff was an employee of the defendant;

3.   That the defendant discharged the plaintiff;

4.   That the plaintiff's gender was a substantial motivating reason for the defendant's decision to discharge her;

5.   That the plaintiff was harmed;

6.   That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

4-25 *California Forms of Jury Instruction* § 2500 (2017)

## **FEHA – RETALIATION – ESSENTIAL FACTUAL ELEMENTS**

The plaintiff claims that the defendant retaliated against her for [describe protected activity plaintiff claims to have engaged in]. To establish this claim, the plaintiff must prove all of the following:

1. That the plaintiff [describe protected activity];

2. That the defendant discharged the plaintiff;

3. That the plaintiff's [describe protected activity] was a substantial motivating reason for the defendant's decision to discharge her;

4. That the plaintiff was harmed; and

5. That the defendant's decision to discharge the plaintiff was a substantial factor in causing her harm.

The plaintiff does not have to prove discrimination in order to be protected from retaliation. If she reasonably believed that the defendant's conduct was unlawful, she may prevail on a retaliation claim even if she does not present, or prevail on, a separate claim for discrimination.

4-25 *California Forms of Jury Instruction* § 2505 (2017)

## <u>FEHA – "SUBSTANTIAL MOTIVATING REASON" EXPLAINED</u>

A "substantial motivating reason" is a reason that actually contributed to the discharge of the plaintiff.   It must be more than a remote or trivial reason. It does not have to be the only reason motivating the discharge.

4-25 *California Forms of Jury Instruction* § 2507 (2017)

## <u>CONSIDER DAMAGES ONLY IF NECESSARY</u>

If the plaintiff has proven by a preponderance of the credible evidence that defendants are liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## **MULTIPLE CLAIMS**

I have one more cautionary instruction before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

You should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## PUNITIVE DAMAGES

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages (and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts).

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## NOMINAL DAMAGES

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## MITIGATION OF DAMAGES

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

4-77 *Modern Federal Jury Instructions – Civil*, ¶ 77.01 (2017)

## **FMLA – ACTUAL DAMAGES**

If you find in favor of the plaintiff then you must award the plaintiff the amount of any wages, salary, and employment benefits the plaintiff would have earned in her employment with defendant if she had not been discharged on October 19, 2012 through the date of your verdict, minus the amount of earnings and benefits from other employment received by the plaintiff during that time.

You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages—that is, to exercise reasonable diligence under the circumstances to minimize the harm she suffered. Therefore, if you find by the preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce the damages she would otherwise be entitled to receive by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.04 (2017)

## ADA – DAMAGES

If the plaintiff has proved by a preponderance of the evidence that the defendant is liable on the plaintiff's claim, then you must determine the damages, if any, to which the plaintiff is entitled.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.05 (2017)

## ADA – COMPENSATORY DAMAGES

The purpose of damages is to award just and fair compensation for the economic loss, if any, resulting from the defendant's violation of the plaintiff's rights. Compensatory or actual damages seek to make the party whole—that is, to compensate the plaintiff for the financial loss that she has suffered as a result of the defendant's discriminatory actions. Compensatory damages are not limited merely to expenses that the plaintiff has had to pay. Instead, compensatory damages should fairly and justly compensate the plaintiff for the financial loss she has suffered, or will suffer in the future, as a result of any discriminatory action by the employer.

If you return a verdict in favor of the plaintiff, then you must award her such money as you believe will fairly and justly compensate the plaintiff for any financial loss sustained as a direct consequence of the conduct of the defendant.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.05 (2017)

## ADA – NONPECUNIARY DAMAGES

In addition to pecuniary damages, a plaintiff who prevails in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish she has suffered as a result of the defendant's conduct.

You should not award damages for speculative injuries, but only for those that the plaintiff actually suffered as a result of the defendant's conduct or which the plaintiff is reasonably likely to suffer in the near future.

You must also consider whether and to what extent the plaintiff's emotional anguish has been due to a condition that existed prior to (e.g., the termination) or arose from events other than the actions of the employer. The plaintiff cannot recover for these.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.05 (2017)

## **ADA – PUNITIVE DAMAGES**

If you should find that the defendant is liable for discriminating against the plaintiff in violation of the ADA, then you have the discretion to award punitive damages in addition to compensatory damages. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter others from committing similar acts in the future. You may award punitive damages only if you find that the plaintiff has proved by a preponderance of the evidence that the defendant intentionally engaged in discriminatory actions with malice or with reckless indifference to the rights of the disabled.

It is entirely within your discretion as jurors to determine whether to award punitive damages if the elements I described have been proved. However, keep in mind that punitive damages are not required to be awarded. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount; it must not reflect bias, prejudice, or sympathy toward any party, but the amount can be as large you believe necessary to fulfill the purpose of punitive damages.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.05 (2017)

## <u>ADA – GOOD FAITH EFFORT AT REASONABLE ACCOMMODATION</u>

I have instructed you that the plaintiff is seeking damages for front and back pay, for emotional suffering, and for punitive damages.

I instruct you that you may not award the plaintiff damages for front pay, emotional suffering, or punitive damages if the defendant proves by a preponderance of the evidence the following elements:

First, that the defendant knew that an accommodation was needed;

Second, that the defendant made a good faith effort, in consultation with the plaintiff, to identify and make a reasonable accommodation that would allow the plaintiff to fulfill the essential functions of the position in question, and would not constitute an undue hardship on the operation of the defendant's business.

Such a good faith effort is not, however, a defense to an award of damages for back pay.

5-88A *Modern Federal Jury Instructions – Civil*, ¶ 88A.05 (2017)

## <u>TITLE VII – ACTUAL DAMAGES</u>

If you find in favor of the plaintiff on her Title VII claim, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find she sustained as a direct result of the defendant's decision to modify her alternative working arrangement. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

First, you must determine the amount of any wages and fringe benefits plaintiff would have earned in her employment with defendant if she had not been discharged on October 19, 2012 through the date of your verdict, minus the amount of earnings and benefits that plaintiff received from other employment during that time.

Second, you must determine the amount of any other damages sustained by plaintiff, such as [list damages supported by the evidence, e.g., mental anguish, future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" his/her damages—that is, to exercise reasonable diligence under the circumstances to minimize the harm she suffered. Therefore, if you find by the preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce the damages she would otherwise be entitled to receive by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

## TITLE VII – PUNITIVE DAMAGES

In addition to the actual damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find in favor of plaintiff on her Title VII claim, then you must decide whether defendant acted with malice or with reckless indifference to the plaintiff's right not to be discriminated against on the basis of her gender. Defendant acted with malice or indifference if it has been proved that defendant knew that the termination was in violation of law prohibiting discrimination, or acted with reckless disregard of that law, that is with an intention to disregard what the defendant knew was a high probability that its acts were in violation of the law.

However, you may not award punitive damages if it has been proved that the defendant itself made a good-faith effort to comply with the law prohibiting discrimination and that the manager responsible for the discrimination was therefore acting in contradiction of company policy and practice.

If you find that the defendant acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual [or nominal] damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter the defendant and others from like conduct in the future. Whether to award the plaintiff punitive damages, and the amount of those damages, are within your discretion.

5-88 *Modern Federal Jury Instructions – Civil*, ¶ 88.03 (2017)

DATE:   August 9, 2017
          Baltimore, MD

Respectfully submitted,

Justin C. Eller
Admitted *pro hac vice*
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
Tel: (410) 385-3518
jeller@milesstockbridge.com

Sean D. Ronan
M&T Bank
Legal Department, 12th Floor
One M&T Plaza
Buffalo, NY 14203
Tel: (716) 842-5401
sronan@mtb.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 9th day of August 2017, a copy of Defendants'

Proposed Jury Instructions was served via the Court's ECF system on:

> Ariel Y. Graff
> Robert W. Ottinger
> The Ottinger Firm, P.C.
> 20 West 55th Street, 6th Floor
> New York, NY 10019
>
> *Counsel for Plaintiff*

_____

Justin C. Eller

4830-7869-5244, v. 1