**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

JIA SHENG,

                                    **Plaintiff,**

        v.                                                    Civil No.: 12-Civ. 01103 (HBS)

M&T BANK CORPORATION and
MANUFACTURERS AND TRADERS TRUST
COMPANY, d/b/a M&T BANK,

                                    **Defendants.**

_____

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendants, M&T Bank Corporation and Manufacturers and Traders Trust Company, d/b/a M&T Bank (collectively, "M&T Bank" or "the Bank"), by and through their undersigned counsel, hereby file this Opposition to Plaintiff's Motion in Limine to Exclude Certain Evidence at Trial in the above-captioned matter, and in support thereof state as follows:

Plaintiff, Jia Sheng ("Ms. Sheng") has requested that the Court issue an Order *in limine* precluding M&T Bank from "referring to or introducing any evidence or argument characterizing the possibility of applying for Short-Term disability coverage as a 'reasonable accommodation' for [Ms. Sheng's] pregnancy-related disability under the Americans with Disabilities Act ('ADA') and/or the California Fair Employment and Housing Act ('FEHA')." (Plaintiff's Mem. at 2.) Ms. Sheng argues, just as she did at the initial trial in this matter, that short-term disability leave cannot constitute a reasonable accommodation under the ADA or FEHA. Ms. Sheng contends that M&T Bank's offer to allow her to apply for and, if eligible, take early short-term disability leave is therefore irrelevant to her "failure to accommodate" claims and should be excluded under Rule 401 of the Federal Rules of Evidence. Ms. Sheng further

1

contends that, even assuming evidence of M&T Bank's offer is relevant, "the probative value of such evidence is 'substantially outweighed' by the dangers of unfair prejudice, confusing the issues, and misleading the jury," and therefore should be excluded pursuant to Federal Rule of Evidence 403.

Ms. Sheng's arguments are completely without merit. As an initial matter, it is well-settled that leave can be a reasonable accommodation under the ADA. Indeed, leave has been explicitly identified as a reasonable accommodation in nearly every circuit, including this one. *See, e.g., Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 185 & n.5 (2d Cir. 2006). Similarly, in its Interpretive Guidance on the ADA, the Equal Employment Opportunity Commission ("EEOC") identifies as possible reasonable accommodations "permitting the use of accrued paid leave or providing additional unpaid leave for necessary treatment." 29 C.F.R. Pt. 1630 App. § 1630.2(o).

The mere fact that an employer offers or provides leave pursuant to a short-term disability policy does not mean that such leave cannot constitute a reasonable accommodation. *See, e.g., Green v. Bakemark USA, LLC*, 2016 WL258345 (S.D. Ohio 2016) (granting employer's motion for summary judgment where, rather than granting employee's request for a schedule with restricted hours, employer agreed to extend employee's leave for 30 days following the expiration of his FMLA entitlement and to allow him to receive short-term disability benefits). *See also Pearman v. New Albany City Gov't*, 2016 WL 1700413 (S.D. Ind. 2016) (employer presented evidence that it provided employee with a combination of paid leave and short-term disability leave as part of a reasonable accommodation); *EEOC v. Newport News Shipbuilding & Drydock Co.*, 949 F. Supp. 403 (E.D. Va. 1996) (employer presented evidence that placing an employee on short-term disability until employer was able to get the office clean

of allergens was a reasonable accommodation); *Weiler v. Household Finance Corp.*, 101 F.3d 519 (7th Cir. 1996) (court considered the totality of the employer's proposed accommodations, which included short-term disability leave).

Ms. Sheng's contention that M&T Bank was required to accommodate her medical condition in a manner that would enable her to continue working remotely through the end of her pregnancy is similarly without merit. Indeed, Ms. Sheng completely ignores the context in which the offer of short-term disability leave was made. At the time M&T Bank offered Ms. Sheng the opportunity to apply for early short-term disability, the Bank had determined that (1) Ms. Sheng would not be able to fulfill her duties and responsibilities on the Voyager Project while working remotely, and (2) there would not be enough non-Voyager work to fill Ms. Sheng's plate through her expected due date. Even if Ms. Sheng did, in fact, wish to continue working remotely, M&T Bank was not required to provide her with the accommodation she requested, particularly under these circumstances.

Contrary to Ms. Sheng's assertions, M&T Bank's offer to allow her to apply for early short-term disability is not only relevant under Rule 401, it goes to the very heart of her claim that the Bank failed to accommodate her medical condition under the ADA and FEHA. Excluding this evidence would unfairly prejudice M&T Bank and significantly impact the Bank's ability to defend itself against Ms. Sheng's allegations. Accordingly, Ms. Sheng's Motion in Limine should be denied.

WHEREFORE, Defendants M&T Bank Corporation and Manufacturers and Traders Trust Company, d/b/a M&T Bank respectfully request that this Court deny Plaintiff's Motion in Limine to Exclude Certain Evidence at Trial.

DATE: September 20, 2017

Respectfully submitted,

Justin C. Eller
Admitted *pro hac vice*
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
Tel: (410) 385-3518
jeller@milesstockbridge.com

Sean D. Ronan
M&T Bank
Legal Department, 12th Floor
One M&T Plaza
Buffalo, NY 14203
Tel: (716) 842-5401
sronan@mtb.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of September, 2017, a copy of Defendants'

Opposition to Plaintiff's Motion in Limine to Exclude Certain Evidence at Trial was served via

the Court's ECF system on:

> Ariel Y. Graff
> Benjamin Weisenberg
> The Ottinger Firm, P.C.
> 401 Park Avenue South
> New York, New York 10016
>
> *Counsel for Plaintiff*

_____
Justin C. Eller